Victor **WYLY**, Sharon Marsh–Wyly, V. Wyly Construction Co., Inc., and Dallas City Plan Commission, Appellants,

v.

**PRESERVATION DALLAS**, Swiss Avenue Historic District Association, Marc and Ann Joseph, Charles and Traci Orr, Warren Beck Kice and Tiffany Kice, Kevin and Susan Whitney Brown, Barry W. Bradshear, and Kathleen M. Sausar, Appellees.

No. 05–04–00790–CV.

Court of Appeals of Texas, Dallas.

June 22, 2005.

---

Christopher D. Bowers, Asst. City Atty., Arthur F. Selander, Quilling, Selander, Cummiskey & Lownds, P.C., Dallas, for Appellants.

John W. Slates, Gardere Wynne Sewell, LLP, Dallas, for Appellees.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion by Justice O'NEILL.

This case involves proceedings in which the Wyly defendant-appellants sought a certificate to demolish a house in the historic Swiss Avenue district in Dallas. After an initial denial by the Landmark Commission, the Wylys appealed to the Dallas City Plan Commission (CPC), which granted permission to demolish. To prevent imminent demolition, Preservation Dallas obtained a temporary restraining order against the Wylys and also filed for a temporary injunction. Later, Preservation Dallas added the CPC as a defendant, seeking mandamus relief against it based on an alleged lack of required pre-hearing notice. Other plaintiffs joined in the latter action, including the Swiss Avenue Historic District Association (SAHDA). The trial court mandated that the CPC rehear the case after proper notice and temporarily enjoined the Wylys from destroying the structure. We hold that (1) Preservation Dallas and SAHDA have standing to pursue their mandamus action against the CPC, (2) we do not have appellate jurisdiction over the appeal of the mandamus order, and (3) the temporary injunction against the Wylys was in error because there was no evidentiary hearing.

### The Facts

The Wylys own a house located at 6015 Bryan Parkway, which is situated within the Swiss Avenue Historic District, an historic overlay district within the city of Dallas. They applied for a certificate of demolition, which is required under the Dallas Development Code before such structures can be destroyed. The Landmark Commission denied the application. The Wylys appealed that decision to the CPC, which held a hearing on a Thursday evening. Reversing the Landmark Commission, the CPC granted the Wyly's application. The following Saturday morning, a demolition crew arrived to tear down the house.

Preservation Dallas, a non-profit organization, obtained a temporary restraining order, which prevented demolition of the house. The next Monday, Preservation Dallas filed a petition for a temporary injunction against the Wylys, alleging numerous defects in the CPC hearing. Subsequently, Preservation Dallas added a mandamus action against the CPC, seeking an order requiring the CPC to rehear the Wyly's application. They asserted that, contrary to the city code requirement, no notice was posted before the CPC hearing took place. Additional plaintiffs joined in the mandamus action, including SAHDA and individuals who reside on Bryan Parkway.

The CPC filed a plea to the jurisdiction, asserting that Preservation Dallas and SAHDA lacked standing to pursue the

mandamus action. At the hearing set on the matter of the temporary injunction, the district court addressed the jurisdictional issue first. The CPC called an adverse witness (the executive director of Preservation Dallas) and the parties argued the jurisdiction issues. When asked by the trial judge, the parties indicated they wished to proceed with evidence on the temporary injunction matter. But before the first witness gave any testimony, the trial court halted the hearing. The judge noted that it would be inefficient to proceed with evidence on the temporary injunction before resolving jurisdiction issues, which he took under advisement.

Subsequently, without reconvening the hearing, the trial court (1) denied the jurisdictional challenges, concluding that plaintiffs have standing; (2) granted a temporary injunction enjoining the Wylys from destroying the house; and (3) granted mandamus relief, directing the CPC to rehear the Wyly's application upon proper notice. The CPC appeals the denial of its challenge that Preservation Dallas and SAHDA lack standing to seek mandamus relief and appeals the trial court's mandamus order directing it, after proper notice, to rehear the Wyly's request for permission to demolish. The Wylys appeal the granting of the temporary injunction restraining them from destroying the structure.

### I. Standing

The CPC asserts that Preservation Dallas and SAHDA do not have standing to pursue the mandamus action because they have no vested property right or a constitutional right in the property.

**Legal Principles**

■ Section 51.014(a)(8) of the civil practice and remedies code permits an interlocutory appeal of a district court's grant or denial of a plea to the jurisdiction by a governmental unit such as CPC. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2004–05). Because the question of standing is a legal question, we review de novo a trial court's ruling on a plea to the jurisdiction. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). Standing is a component of a court's subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). The plaintiff has the burden of alleging facts that affirmatively demonstrate a court's jurisdiction to hear a cause. *Id.* A plea to the jurisdiction challenges a trial court's authority to hear a case by alleging that the factual allegations in the plaintiff's pleadings, when taken as true, fail to invoke the trial court's jurisdiction. *El Paso Cmty. Partners v. B & G/Sunrise Joint Venture*, 24 S.W.3d 620, 623 (Tex.App.-Austin 2000, no pet.) (citing *Bybee v. Fireman's Fund Ins. Co.*, 160 Tex. 429, 331 S.W.2d 910, 917 (1960)).

■ We construe the pleadings in favor of the plaintiff and look to the pleader's intent. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446. A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. School Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000).

■ An association may sue on behalf of its members if it meets the three-prong test for "associational standing," adopted in *Tex. Ass'n of Bus.*, 852 S.W.2d at 447 (adopting test as articulated in *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)). An organization has standing to pursue an action when (1) its members have standing to sue in their own right, (2) the interests the organization seeks to pro-

tect are germane to its purpose, and (3) neither the claim nor the relief requested requires that individual members participate in the lawsuit. *Id.*

■ To satisfy the first prong, the association must allege that some number of its members are suffering immediate or threatened injury as a result of the challenged action of the kind that would make a justiciable case if the members had brought suit in their own right. *Texas Workers' Comp. Comm'n v. Garcia,* 862 S.W.2d 61, 71 (Tex.App.-San Antonio 1993), *rev'd on other grounds,* 893 S.W.2d 504, 518–19 (Tex.1995) (labor union had standing to challenge workers' compensation law, where a majority of members were covered by that law). Generally, to establish standing, a plaintiff must establish that he has an individual interest in a conflict that is distinct from the interest of the general public, such that the defendant's actions have caused the plaintiff particular injury. *Hunt v. Bass,* 664 S.W.2d 323, 324 (Tex.1984). The First Court of Appeals addressed the requirement of particularized harm in the context of a protected historical district in *Galveston Historical Foundation v. Zoning Bd. of Adjustment of City of Galveston,* 17 S.W.3d 414, 418 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). Developers had received approval to erect stone monuments to mount business signs within an historic district. The Galveston Historical Foundation (GHF) appealed the decision as "aggrieved persons" under the applicable ordinance. The GHF, a non-profit organization, leased an historic mansion nearby. The court held that "persons who reside or operate a business in the restricted zone are persons who have 'an interest peculiar to themselves and distinguishable from the public generally.' " *Id.* at 418 (citing *Hunt v. Bass,* 664 S.W.2d at 324). Thus, the GHF's allegation that it operat-

ed a business within the overlay zone was sufficient to establish it as an aggrieved party with standing to appeal, as provided under the ordinance. *Id.*

## Application

■ Concerning the first prong of the associational-standing test, the pleadings and any jurisdictional evidence must support a finding that Preservation Dallas and SAHDA have members with standing to sue in their own right. The affidavit of the executive director of Preservation Dallas states that "Preservation Dallas has numerous members who reside in the Swiss Avenue Historic District." SAHDA's name, the Swiss Avenue Historical District Association, implies its members reside or own homes in the district. In *Galveston Historical Foundation* such residents had standing to pursue the procedural right to appeal provided under the city ordinance. We conclude that in today's case, residents of the historic district have standing to pursue the asserted procedural right to notice, as provided under the city code. Accordingly, both Preservation Dallas and SAHDA satisfy the first prong of the test.

The second prong requires that the interest the organization seeks to protect is germane to the organization's purpose. The pleadings, as well as affidavit testimony, indicate that one purpose of Preservation Dallas is to "preserve and rehabilitate areas of historic and/or architectural significance." SAHDA's stated purpose is "the preservation of the historic and architectural identity and integrity of the Swiss Avenue Historic District and the properties comprising the same." Both organizations meet the second prong of the test. Concerning the third prong, although individual members are named as plaintiffs, nothing suggests that their presence in the lawsuit is necessary for the court to award the mandamus relief requested. We con-

clude that both Preservation Dallas and SAHDA have standing to seek mandamus relief, and thus the district court has subject-matter jurisdiction to determine the mandamus action.

## II. Temporary Injunction

 The trial court granted Preservation Dallas a temporary injunction preventing the Wylys from destroying the house. The Wylys assert this was error because, among other things, the trial court did not hold an evidentiary hearing to establish the requisite facts for granting a temporary injunction.

 Section 51.014(a)(4) of the civil practice and remedies code permits an interlocutory appeal of a district court's grant or denial of a temporary injunction. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon Supp.2004–05). We will not reverse a trial court's decision granting a temporary injunction absent a clear abuse of discretion. *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993). If no evidence is presented, absent an agreement of the parties, a writ of injunction is improper. *Millwrights Local Union No. 2484 v. Rust Eng'g Co.,* 433 S.W.2d 683, 686 (Tex.1968). The party applying for the injunction has the burden of production, and evidence must be adduced under standard rules of evidence; testimony by affidavit does not suffice. *Id.* at 687. "The applicant has, and in equity and good conscience ought to have, the burden of offering some evidence which, under applicable rules of law, establishes a probable right of recovery.... If he cannot or does not discharge his burden he is not entitled to extraordinary relief." *Id.*

Preservation Dallas urges it is undisputed that no notice was given preceding the CPC hearing and that the defendants argued only, as a legal matter, no notice was required under the statute. Preservation Dallas also argues that the trial court has discretion to limit the presentation of evidence.

The *Millwrights* opinion makes clear that the burden of proof is on Preservation Dallas, the applicant for the writ of injunction, and that granting this extraordinary relief absent evidence is improper. Preservation Dallas points us to no evidence in the record, and we find none, that would establish their right to a temporary injunction. *See Walling,* 863 S.W.2d at 57 (probable right of success at final trial; irreparable injury absent injunction). Accordingly, the trial court's grant of a temporary injunction enjoining the Wylys from demolishing the structure was in error.

## III. Writ of Mandamus

 The CPC also appeals the trial court's granting of mandamus relief ordering the CPC to rehear the appeal of the Landmark Commission's decision. The CPC relies solely on section 51.014 of the civil practice and remedies code as the basis for our having interlocutory appellate jurisdiction over this issue. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014.

The statute CPC relies on sets forth particular interlocutory matters over which we have appellate jurisdiction. It does not grant us interlocutory appellate jurisdiction over a trial court's mandamus orders. Accordingly, we do not have jurisdiction over the trial court's order mandating the CPC to rehear the issue concerning a demolition certificate in this interlocutory appeal.

Concluding that Preservation Dallas and SAHDA have standing to pursue the mandamus action, we **AFFIRM** the trial court's order insofar as it concludes that

the trial court has jurisdiction over that action. We **VACATE** the trial court's order enjoining the Wylys from demolishing the property. We take no action on the trial court's order that the CPC rehear the appeal of the Landmark Commission's decision.