# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00262-CV

**Clyde Farrel Padgett, d/b/a New Wave Distributing, Appellant**

**v.**

**LSKR, Inc., d/b/a Lone Star Kustom Remodeling, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GN-06-1133, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This is an accelerated appeal from an order granting a temporary injunction. Appellant Clyde Farrel Padgett d/b/a New Wave Distributing appeals a temporary injunction preventing him from filing any lien against the property known as The Arboretum at Stone Lake Apartments, located at 9801 Stonelake Boulevard in Austin. In three issues, Padgett argues that the district court abused its discretion in granting the temporary injunction requested by appellee LSKR, Inc., d/b/a Lone Star Kustom Remodeling because the court did not hear any evidence, require an injunction bond, or state the reasons for issuance of the temporary injunction, and it granted relief LSKR did not request. Because the temporary injunction order is unsupported by any evidence and does not comply with the Texas Rules of Civil Procedure, we reverse the order granting temporary injunctive relief, dissolve the temporary injunction, and remand this case to the district court for further proceedings.

## BACKGROUND

LSKR, a remodeling and construction services corporation, contracted with Padgett to remove and replace laminate countertops in some of the units at The Arboretum at Stone Lake, an apartment and condominium complex in Austin. LSKR subsequently sued Padgett for breach of contract, fraud, negligent misrepresentation, negligence, and negligence per se, alleging that Padgett performed substandard work at Stonelake. LSKR also sought a temporary injunction to prevent Padgett from placing any lien against the property.

The parties state that on April 6, 2006, Padgett filed a lien against the property for work that he alleged was unpaid.[1] That afternoon, Padgett received notice of the scheduled hearing on LSKR's temporary injunction. Padgett filed a general denial and special exceptions on April 13, 2006. The district court held the temporary injunction hearing that same day, at which LSKR did not produce any evidence. The court entered an order granting LSKR's application for temporary injunction, preventing Padgett from filing any lien on the apartment property and directing Padgett to release any lien that he may have filed. Padgett filed his accelerated appeal from that order on April 25, 2006. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West Supp. 2006) (permitting interlocutory appeal from order that "grants or refuses a temporary injunction").

After Padgett filed his appeal, LSKR filed a supplemental petition and motion to amend the order in the district court alleging that, at the time of the hearing, it was unaware that Padgett had filed a lien. LSKR requested that the court hold a hearing on its motion and, after the

---

[1] LSKR states that it was not served with Padgett's lien until April 13, 2006. The disputed lien is not in the record.

2

hearing, amend its order to set an appropriate bond, allow LSKR seven business days to purchase the bond, set the case for trial on the merits, and order Padgett to release the lien in lieu of any bond ordered. The district court denied LSKR's motion to amend the temporary injunction order.

On appeal, Padgett requests that this Court declare the temporary injunction order void, reverse and vacate the order granting the temporary injunction, direct the trial court to enter an order dissolving all temporary injunctive relief, and remand for further proceedings. LSKR admits that "[a]ppellant's arguments as to issue number one are correct" and the trial judge "heard no evidence on the record" at the temporary injunction hearing. Because LSKR was "ready to enter evidence into the record," it seeks remand for an evidentiary hearing; or in the alternative, affirmance of the trial court's order and remand for trial on the merits.

**ANALYSIS**

The decision to grant or deny a temporary injunction lies within the sound discretion of the trial court, and we will not disturb that decision absent a clear abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Because this appeal is from an interlocutory order, this Court may not consider the merits of the underlying lawsuit. *Davis v. Huey*, 571 S.W.2d 859, 861 (Tex. 1978). The trial court does not abuse its discretion if some evidence reasonably supports its decision. *Butnaru*, 84 S.W.3d at 211.

In his first issue, Padgett argues that the district court did not hear any evidence in support of its temporary injunction order. Although the April 13 order recites that the court considered the "pleadings, evidence, testimony and arguments of counsel," LSKR admits that it did

3

not offer any evidence at the temporary injunction hearing and seeks remand so that the court may hear such evidence.  Texas courts have held that if no evidence is presented at the temporary injunction hearing, absent the parties' agreement, a writ of injunction is improper.  *See Wyly v. Preservation Dallas*, 165 S.W.3d 460, 464 (Tex. App.—Dallas 2005, no pet.) (citing *Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 686 (Tex. 1968)).  Because the district court did not hear any evidence in support of LSKR's application for injunctive relief, we are compelled to conclude that there is no evidence to support the court's decision and that it abused its discretion in issuing the temporary injunction.  *Butnaru*, 84 S.W.3d at 211.  We sustain Padgett's first issue.

We further note that the district court's order did not comply with the rules of civil procedure because it did not set the case for trial on the merits and provide for a bond.  *See* Tex. R. Civ. P. 683 (requiring temporary injunction order to include order setting cause for trial on merits), 684 (requiring temporary injunction order to fix amount of security to be given by applicant).  The Texas Supreme Court has held that "[t]hese procedural requirements are mandatory and an order granting a temporary injunction that does not meet them is subject to being declared void and dissolved."  *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (citing *Interfirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (declaring temporary injunction order void for lack of trial setting); *Lancaster v. Lancaster*, 291 S.W.2d 303, 308 (Tex. 1956) (holding temporary injunction order void for lack of bond)).

## CONCLUSION

Because the district court's order is unsupported by evidence and does not comply with the Texas Rules of Civil Procedure, we reverse the district court's order granting temporary injunctive relief, dissolve the temporary injunction, and remand this case to the district court for further proceedings.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Reversed and Remanded

Filed:   January 24, 2007

5