COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-08-042-CV

 

CASCOTT,
L.L.C.                                                                APPELLANT

 

                                                   V.

 

CITY
OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM COUNTY COURT AT LAW
NO. 2 OF TARRANT COUNTY

 

                                               ----------

 

                                        NO.
2-08-044-CV

 

CASCOTT,
L.L.C.                                                                APPELLANT

 

                                                   V.

 

CITY
OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM COUNTY COURT AT LAW
NO. 2 OF TARRANT COUNTY

 

                                               ----------

 

 

 

 

 

 








                                        NO.
2-08-046-CV

 

CASCOTT, L.L.C.                                                                APPELLANT

 

                                                   V.

 

CITY OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM
COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                               ----------

 

                                        NO.
2-08-106-CV

 

CASCOTT,
L.L.C.                                                                APPELLANT

 

                                                   V.

 

CITY
OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM COUNTY COURT AT LAW
NO. 2 OF TARRANT COUNTY

 

                                               ----------

 

                                        NO.
2-08-107-CV

 

CLYDE L. GODFREY                                                             APPELLANT

 

                                                   V.

 

CITY OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM
COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                               ----------

 

 








                                        NO.
2-08-108-CV

 

CASCOTT, L.L.C.                                                                APPELLANT

 

                                                   V.

 

CITY OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM
COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                               ----------

 

                                        NO.
2-08-109-CV

 

JAMES A. SHOEMAKER                                                       APPELLANT

 

                                                   V.

 

CITY OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM
COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                               ----------

 

                                        NO.
2-08-110-CV

 

CASCOTT, L.L.C.                                                                APPELLANT

 

                                                   V.

 

CITY OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                               ----------

 

 








                                        NO.
2-08-111-CV

 

WALTER HUGH HERRINGTON                                                APPELLANT

 

                                                   V.

 

CITY OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM
COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

 

                                               ----------

 

                                        NO.
2-08-113-CV

 

CHARLES W. SCOTT AND                                                  APPELLANTS

ANITA R. SCOTT

                                                   V.

 

CITY OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM COUNTY COURT AT LAW
NO. 3 OF TARRANT COUNTY

 

                                               ----------

 

                                        NO.
2-08-134-CV

 

CASCOTT, L.L.C.                                                                APPELLANT

 

                                                   V.

 

CITY OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

 

                                               ----------

 

 








                                        NO.
2-08-135-CV

 

CHARLES W. SCOTT                                                          APPELLANTS

AND ANITA R. SCOTT

                                                   V.

 

CITY OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM COUNTY COURT AT LAW
NO. 1 OF TARRANT COUNTY

 

                                               ----------

 

                                        NO.
2-08-136-CV

 

CASCOTT, L.L.C.                                                                APPELLANT

 

                                                   V.

 

CITY OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM COUNTY COURT AT LAW
NO. 1 OF TARRANT COUNTY

 

                                               ----------

 

                                        NO.
2-08-137-CV

 

CLYDE
L. GODFREY, AND                                                   APPELLANTS

WAYNE COBLE AND NANCY
COBLE, 

TRUSTEEES OF THE WAYNE
AND 

NANCY COBLE LIVING TRUST

 

                                                   V.

CITY
OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM COUNTY COURT AT LAW
NO. 1 OF TARRANT COUNTY

 

                                               ----------








                                        NO.
2-08-138-CV

 

CASCOTT, L.L.C.                                                                APPELLANT

 

                                                   V.

 

CITY OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM COUNTY COURT AT LAW
NO. 1 OF TARRANT COUNTY

 

                                               ----------

 

                                        NO.
2-08-139-CV

 

WALTER HUGH HERRINGTON                                                APPELLANT

 

                                                   V.

 

CITY OF ARLINGTON                                                              APPELLEE

                                               ----------

 

         FROM COUNTY COURT AT LAW
NO. 1 OF TARRANT COUNTY

 

                                               ----------

 

                                        NO.
2-08-149-CV

 

WALTER HUGH HERRINGTON                                                APPELLANT

 

                                                   V.

 

CITY OF ARLINGTON                                                              APPELLEE

                                              ------------

 

         FROM COUNTY COURT AT LAW
NO. 1 OF TARRANT COUNTY

 

                                              ------------

 








                                             OPINION

 

                                              ------------

In this consolidated appeal
involving the City of Arlington=s
exercise of eminent domain to obtain land for a stadium venue project,
seventeen property owners argue in a single issue that the trial court erred in
granting a partial summary judgment that the City properly invoked its
authority to condemn their properties. 
We affirm.

I. 
Background








 In 2004,
the City and the Dallas Cowboys negotiated a AMaster
Agreement@ detailing the basic terms by
which the City would become the site of a new sports stadium complex.  That August, the Arlington City Council
passed Resolution No. 04-358, which designated the sports stadium project a Avenue
project@ under
Chapter 334 of the Local Government Code and established how the project would
be financed.  Section 334.021(a) of the
Local Government Code allows for certain municipalities, including the City, to
Aprovide
for the planning, acquisition, establishment, development, construction, or
renovation of a venue project.@[1]  The code defines Avenue@ to
include Aan
arena, coliseum, stadium, or other type of area or facility . . . that is used
or is planned for use for one or more professional or amateur sports events . .
. .@[2]  Resolution 04-358 declared that this venue
project shall be Aknown as >The
Dallas Cowboys Complex Development Project.=@

After passage of Resolution No. 04-358, the City
and the Cowboys executed the Master Agreement and obtained approval for the
project from the Texas Comptroller.[3]  The City Council then called a special
election for November 2, 2004, to allow qualified voters to approve or
disapprove the Dallas Cowboys Complex Development Project.[4]  The proposition presented to the voters (1)
described the purpose of the project as planning, acquisition, establishment,
development, construction, and financing of a multi-purpose and
multiple-function stadium project to be primarily used as the site for Cowboys
home games, and (2) detailed the methods for financing the project, including
imposition of additional City taxes on sales, vehicle rentals, hotel occupancy,
and admission to and parking at venue project events.  A majority of voters approved the project.








The City and the Cowboys then proceeded to
negotiate various contracts contemplated by the Master Agreement, including a
lease agreement (the ALease@) that
sets out the terms of the Cowboys= future
use of the stadium facilities.

In mid-2005, the City Council publicly identified
the location for the project and passed resolutions authorizing City
representatives to negotiate the purchases of property within the proposed
location.  While some of these
negotiations were successful, the City and some property owners could not reach
agreements on the City=s purchase of their
properties.  The City then initiated
condemnation proceedings in the county court at law against those property
owners.[5]

The City conducted hearings before special
commissioners who issued awards that were subsequently filed in the
condemnation proceedings.[6]  The property owners both objected to the
amounts of the awards and filed pleas to the jurisdiction challenging the
propriety of the City=s exercise of eminent
domain.  








The property owners and the City then filed
competing motions for summary judgment regarding the propriety of the City=s
exercise of eminent domain.  The trial
court granted the City=s motion and denied the property
owners= motion
and pleas.

The parties proceeded to trial on the property
owners=
objections to the amounts of the awards. 
After these trials, the trial court entered final judgments as to each
property owner=s compensation.  The property owners each appealed, and this
court consolidated the appeals.[7]

II. 
Standard of Review

We review a summary judgment de novo.[8]  A plaintiff is entitled to summary judgment
on a cause of action if it conclusively proves all essential elements of the
claim.[9]  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.[10]








When both parties move for summary judgment and
the trial court grants one motion and denies the other, the reviewing court
should review both parties= summary
judgment evidence and determine all questions presented.[11]  The reviewing court should render the
judgment that the trial court should have rendered.[12]

III.  The
Parties= Arguments








The property owners allege that the condemnation
and the Lease are unconstitutional under section 17 of article I of the Texas
Constitution because they result in the grant of an unlimited special privilege
to a private entity and that the City=s
actions in condemning the property and executing the Lease were in violation of
section 251.001(a)(5) of the Local Government Code because neither action was
for a Apublic
purpose.@[13]  Specifically, the property owners contend
that the condemnation proceedings were not for a public purpose because Athe sole
reason [for the condemnation proceedings] was to lease [the property] to the
Dallas Cowboys under terms that divested the City of its exclusive use and
right to manage and control the condemned property for a specific period of at
least thirty (30) years.@ 
They do not challenge the amount of the condemnation awards or assert
any irregularity in the condemnation proceedings themselves.

In response, the City asserts that the property
owners lack standing to challenge the constitutionality of the Lease.  Alternatively, the City contends that the
condemnation was for a public purposeCto
acquire land to build a venue project for professional and amateur sporting
eventsCand that
the Lease is a lawful means of accomplishing this public purpose under chapter
334 of the Local Government Code, which expressly authorizes municipalities to
acquire land for lease as part of a venue project.

IV. 
Analysis

A.     Standing








Before we reach the merits of the parties=
arguments, we must address the threshold issue raised by the City regarding
standing.[14]  Specifically, the City asserts that the property
owners lack standing to challenge the legality of the Lease because they failed
to show any particularized injury resulting from the Lease that is distinct
from the Lease=s impact on the general public.[15]  The property owners, however, are not merely
challenging the constitutionality of the Lease; they also assert that it was
unconstitutional for the City to condemn their property for the purpose of
entering into the Lease.  These two
arguments are intertwined.  Because the
property owners= interest in the propriety of
the proceedings condemning their property is unquestionably distinct from the
general public=s, we hold that the property
owners do have standing to challenge the condemnations of their property based
on the theory that the condemnations were for the purpose of leasing the
property in violation of the Texas Constitution.[16]

B.     Condemnation








The City=s
eminent domain power derives from a grant of power by the state legislature.[17]  Section 251.001(a)(5) of the Local Government
Code provides broad authority to the City to condemn private property Afor any
. . . municipal purpose the governing body considers advisable.@[18]  This power is limited in Texas by the
requirement in section 17 of article I of the Texas Constitution that,

No person's property shall be taken, damaged or
destroyed for or applied to public use without adequate compensation
being made, unless by the consent of such person . . . .[19]

A[I]f
private property is taken for a purely private purpose, Section 17 is violated.@[20]








Whether a particular use of property constitutes
a public use or purpose is a question of law to be decided by the courts.[21]  In determining this question, however, courts
give presumptive effect to legislative declarations that a statutorily
authorized use of property is for a public purpose.[22]  As the Supreme Court of Texas recently
stated, A[T]he
[legislative] determination of public necessity is presumptively correct,
absent proof by the landowner of the [condemning authority=s] fraud
or proof that the condemning authority acted arbitrarily or capriciously.@[23]








In this case, the City predicated the
condemnation actions on chapter 334 of the Local Government Code, which
authorizes the City to plan and develop a Asports
and community venue project.@[24]  Section 334.044(a) declares that Aan
approved venue project is owned, used, and held for public purposes by
the municipality or county.@[25]  Thus, in the absence of proof that the City
acted fraudulently, arbitrarily, or capriciously, we must presume that the
legislature=s declaration in Chapter 334
that such a sports venue project is for a public purpose is correct.[26]

The property owners have presented no evidence
that the City acted fraudulently, arbitrarily, or capriciously in condemning
their property or executing the Lease. 
Nevertheless, the property owners contend that the sports venue project
in this case is not for a public purpose because the Lease grants the Dallas
Cowboys Aexclusive
use and right to manage and control the condemned property for . . . at least
thirty (30) years.@








Unquestionably, the Dallas Cowboys stand to reap
substantial benefits from the project, including the Lease.  The mere fact that a private actor will
benefit from a taking of property for public use, however, does not transform
the purpose of the taking of the property, or the means used to implement that
purpose, from a public to a private use.[27]








The question here is not whether the Dallas
Cowboys will benefit from the Lease,[28]
but whether the Lease furthers and promotes the public purpose of the venue
project for which the condemnation proceedings were instituted.[29]  We hold that it does.  The City=s
summary judgment evidence conclusively establishes that the Lease will further
the project=s public purpose.  We, therefore, hold that under the facts of
this case, the Lease at issue does not serve a purely private purpose in
violation of section 17 of article I of the Texas Constitution.[30]

V. 
Conclusion

Because we hold that the City established, as a
matter of law, that the condemnation proceedings and lease were for a public
purpose, we affirm the trial court=s
judgments.

 

JOHN
CAYCE

CHIEF
JUSTICE

 

PANEL:  CAYCE, C.J.; GARDNER and MCCOY, JJ.

 

DELIVERED:  February 19, 2009











[1]Tex. Loc. Gov=t Code Ann. ' 334.021(a) (Vernon
2005).





[2]Id. ' 334.001(4)(A)(i).





[3]See id. ' 334.021 (detailing
procedure for developing venue project).





[4]See id. ' 334.021(a)(3) (providing
voter approval required for venue project).





[5]See Tex. Prop. Code Ann. ' 21.001 (Vernon 2004) (ADistrict courts and
county courts at law have concurrent jurisdiction in eminent domain cases.@); id. ' 21.012 (Vernon Supp.
2008) (describing procedure for filing and required contents of condemnation
petition).





[6]See id. ' 21.015 (Vernon 2004)
(describing responsibilities of special commissioners in condemnation
proceedings).





[7]Our consolidation order
stated that A[e]ach appeal shall
continue to bear its respective cause number.@





[8]See Valence Operating Co.
v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005); Creditwatch, Inc. v. Jackson, 157
S.W.3d 814, 816 n.7 (Tex. 2005).





[9]See Tex. R. Civ. P. 166a(a),
(c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).





[10]See IHS Cedars Treatment
Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).





[11]See Valence Operating Co., 164 S.W.3d at 661.





[12]See id.





[13]See Tex. Loc. Gov=t Code Ann. ' 251.001(a)(5) (Vernon
2005) (stating that a municipality Amay exercise the right of eminent domain for a
public purpose to acquire public or private property . . . for any . . .
municipal purpose the governing body considers advisable@).





[14]See, e.g., Seureau v.
ExxonMobil Corp., No. 14-07-00176-CV, 2008 WL 4584961, at *2 (Tex. App.CHouston [14th Dist.] Oct.
16, 2008, no pet.) (ABecause standing is a
threshold issue that is implicit in the concept of subject‑matter
jurisdiction, we first address Father's standing.@); Ins. Network of
Tex. v. Kloesel, 266 S.W.3d 456, 463 (Tex. App.CCorpus Christi 2008, pet.
filed) (same).





[15]See Hunt v. Bass, 664 S.W.2d 323, 324
(Tex. 1984); Wyly v. Preservation Dallas, 165 S.W.3d 460, 464 (Tex. App.CDallas 2005, no pet.).





[16]See Wyly, 165 S.W.3d at 464 (AGenerally, to establish
standing, a plaintiff must establish that he has an individual interest in a
conflict that is distinct from the interest of the general public, such that
the defendant's actions have caused the plaintiff particular injury.@).





[17]See Tex. Const. art. I ' 17, interpretive
commentary (A[T]he legislative branch
may delegate the power to such agencies as it believes proper, subject, of
course, to constitutional limitations.@).





[18]Tex. Loc. Gov=t Code Ann. ' 251.001(a)(5).





[19]Tex. Const. art. I ' 17 (emphasis added); see
Whittington v. City of Austin, 174 S.W.3d 889, 896B97 (Tex. App.CAustin 2005, pet.
denied).





[20]Tex. Const. art. I ' 17, interpretive
commentary; see Hawaii Housing Auth. v. Midkiff, 467 U.S. 229, 245, 104
S. Ct. 2321, 2331 (1984) (explaining that purely private taking Aexecuted for no reason
other than to confer a private benefit on a particular private party@ would be
unconstitutional); Phillips v. Naumann, 154 Tex. 153, 158, 275 S.W.2d
464, 467 (1955) (holding unconstitutional order directing opening of roadway
because would be Afor the use of [one
private person], and for no other use@); see also City of Arlington v. Golddust
Twins Realty Corp., 41 F.3d 960, 965 (5th Cir. 1994) (in case involving
exercise of eminent domain to construct parking lot for new stadium for Texas
Rangers baseball team, stating that property may be taken through eminent
domain when Athere results to the
public some definite right or use in the business or undertaking to which the
property is devoted@) (internal quotation
omitted).





[21]See Maher v. Lasater, 163 Tex. 356, 359, 354
S.W.2d 923, 924 (1962) (A[T]he ultimate question
of whether a particular use is a public use is a judicial question to be
decided by the courts.@); Whittington,
174 S.W.3d at  897.  Public use and public purpose are essentially
synonymous and are often used interchangeably in Texas condemnation law.  See Davis v. City of Lubbock, 160 Tex.
38, 52, 326 S.W.2d 699, 709 (1959) (AThe words >public purposes= are no narrower than the
words >public use= . . . .  Since we have held property is taken for
public use, it follows that the expenditure of funds on the same project would
be for public purposes.@).





[22]See Housing Auth. of City
of Dallas v. Higginbotham, 135 Tex. 158, 168, 143 S.W.2d 79, 85 (1940) (holding that state
legislature Avalidly confer[s]@ eminent domain power
where Athe purposes [for
condemnation] [a]re affected with a public interest@).





[23]FKM P=ship, Ltd. v. Bd. of
Regents of Univ. of Houston Sys., 255 S.W.3d 619, 629 (Tex. 2008).





[24]Tex. Local Gov=t Code Ann. '' 334.001(5) and
334.021(a).  The Local Government Code
defines a Asports and community
venue project@ to mean Aa venue and related
infrastructure that is planned, acquired, established, developed, constructed,
or renovated under [chapter 334].@  Id.  According to the resolutions by which the
City proceeded against each property owner, the City initiated the condemnation
proceedings Ato acquire . . . certain
parcel[s] of land for the purpose of developing the Dallas Cowboys Public Venue
Complex Project for use as a public venue.@





[25]Id. ' 334.044(a) (emphasis
added).





[26]See FKM P=ship, 255 S.W.3d at 629; see
also Coastal Indus. Water Auth. v. Celanese Corp. of Am., 592 S.W.2d 597,
600 (Tex. 1979) (_In the absence of
allegations that the condemnor acted arbitrarily or unjustly, the legislature=s declaration that a
specific exercise of eminent domain is for public use is conclusive._).





[27]See Coastal States Gas
Producing Co. v. Pate, 158 Tex. 171, 179, 309 S.W.2d 828, 833 (1958) (holding that fact
that _[private] lessee may make a profit out of
the venture . . .  in itself does not
make the use private rather than public@); see also State v. Unified Gov=t of Wyandotte
County/Kansas City, Kansas, 962 P.2d 543, 554 (Kan. 1998) (holding that Adevelopment of [an] auto
race track facility and related projects are valid public purposes for which .
. . eminent domain authority [may be] exercised@); Libertarian Party
of Wis. v. State, 546 N.W.2d 424, 435 (Wis. 1996) (AWhile some private
benefit [to a professional baseball team] will result [from construction and
operation of professional baseball park facilities], the project is
sufficiently public in nature to withstand constitutional challenge.@); Ragsdale v. City of
Memphis, 70 S.W.3d 56, 72 (Tenn. Ct. App. 2001) (AAlthough . . . there will
be some benefit accruing to [an] NBA franchise [by city=s financing and
construction of sports arena], if a public purpose is established, the fact that
a private entity may receive some benefit from the legislation does not
invalidate the established public purpose.@); Schreiner v. City of Spokane, 874 P.2d
883, 887 (Wash. Ct. App. 1994) (holding that City was authorized to condemn,
then lease, land for multi-purpose community center, which included sports
arena).  See generally, Aaron
Mensh, AUpon Further Review@: Why a Sports Stadium
Can Justify an Eminent Domain Taking, 40 Conn. L. Rev. 1623, 1653 (2008) (identifying
numerous public purposes for stadiums.  But
see City of Springfield v. Dreison Invs., Inc., Nos. 19991318, 991230,
000014, 2000 WL 782971, at *1, *50 (Mass. Super. Ct., Feb. 25, 2000) (under
unique Massachusetts law, rejecting use of eminent domain for purpose of
construction of minor league baseball stadium).





[28]See Goldstein v. Pataki, 516 F.3d 50, 64 (2d
Cir. 2008), cert. denied, 128 S. Ct. 2964 (2008) (upholding use of
eminent domain where condemnation, among other things, will Aresult in the
construction of a publicly owned (albeit generously leased) stadium@).





[29]See Coastal States, 158 Tex. at 179, 309
S.W.2d at 833 (holding that public purpose is advanced when Athe public has a direct,
tangible and substantial interest and right in the undertaking@); see also Tex.
Const. art. I ' 17, interpretive
commentary (noting that courts do not interfere with legislative declaration of
public purpose where Athe legislature could
reasonably have considered the use a public one@).





[30]The case on which the
property owners primarily rely, River Rd. Neighborhood Ass=n v. S. Tex. Sports, 720 S.W.2d 551 (Tex.
App.CSan Antonio 1986, writ
dism=d), is inapposite.  It does not involve the exercise of eminent
domain power by a municipality and, unlike the sports venue project at issue
here, there was no indication in River Road that the stadium lease was
part of a project that the legislature declared to be for public purpose.  See Tex. Loc. Gov=t Code Ann. ' 334.044(a).