# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00771-CV

**Sanadco Inc., a Texas Corporation; Mahmoud Ahmed Isba; Broadway Grocery, Inc.; and Shariz, Inc., Appellants**

**v.**

**Glenn Hegar, in his Individual and Official Capacity as Comptroller of Public Accounts; Office of Comptroller of Public Accounts for The State Of Texas; and Ken Paxton, in His Official Capacity as Attorney General of The State Of Texas, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. D-1-GN-13-004352, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellants Sanadco Inc., Mahmoud Ahmed Isba, Broadway Grocery, Inc., and Shariz, Inc. have filed this interlocutory appeal from the trial court's order denying their application for a temporary injunction.[1] *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). We affirm the trial court's order.

A party seeking a temporary injunction bears the burden of pleading and proving a probable right to the injunctive relief it seeks and probable injury in the interim. *Butnaru v. Ford*

---

[1] The trial court's order states that the court heard Isba's application for a temporary injunction and is styled with only Sanadco and Isba named as plaintiffs. The body of the notice of appeal names "Sanadco Inc, a Texas Corporation, Mahmoud Ahmed Isba, et al, Plaintiffs," as appellants, and the style lists Sanadco, Isba, Broadway Grocery, and Shariz as plaintiffs. Appellants' brief lists those four plaintiffs as appellants. We will assume that all four parties are properly before us as appellants.

*Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). We review a trial court's decision on an application for temporary injunctive relief for an abuse of discretion. *Id.* A trial court abuses its discretion if it grants injunctive relief without appropriate supporting evidence. *See Operation Rescue-Nat'l v. Planned Parenthood of Houston & Se Tex., Inc.*, 975 S.W.2d 546, 560-61 (Tex. 1998). Pleadings, even if sworn, affidavits, and legal arguments will not support injunctive relief unless the parties agree otherwise. *Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 686 (Tex. 1968); *Shamoun & Norman, LLP v. Yarto Int'l Grp., LP*, 398 S.W.3d 272, 282 (Tex. App.—Corpus Christi 2012, pet. dism'd); *Wyly v. Preservation Dallas*, 165 S.W.3d 460, 465 (Tex. App.—Dallas 2005, no pet.); *Letson v. Barnes*, 979 S.W.2d 414, 419 (Tex. App.—Amarillo 1998, pet. denied); *cf. Pierce v. State*, 184 S.W.3d 303, 306-07 (Tex. App.—Dallas 2005, no pet.) (affidavit and deposition excerpts introduced into evidence at hearing supported injunctive relief).

After the clerk's record was filed in this appeal, we received notice from the court reporter that appellants had not made arrangements to pay for the reporter's record. The court reporter provided copies of emails between her and appellants' attorney in which the reporter informed counsel that the record would be $1,145 and that payment was required before she would begin work on the record. In mid-January, counsel sent the reporter an email stating that he had advised his clients that payment was due and that he would send the payment as soon as he received it. In February, we sent counsel notice that the record was overdue, asking for a response by February 20 and informing him that, if a satisfactory response was not received, the appeal would be submitted without the reporter's record. No record was ever received, and in counsel's motion for extension of time to file a brief, he indicated that the record would not be forthcoming, stating

2

that the clerk's record had been filed but that "no Reporter's Record was filed." This cause was therefore submitted without a reporter's record. *See* Tex. R. App. P. 37.3(c) (if reporter's record not filed due to appellant's fault, appellate court may consider issues that do not require reporter's record).

Without a reporter's record, we have no way to determine what evidence, if any, was adduced at the hearing and, therefore, whether the trial court abused its discretion.[2] *See Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (if reporter's record is not filed, appellate court assumes trial court's decision was supported by sufficient evidence; appellant may challenge legal sufficiency of evidence supporting trial court's decision but "cannot prevail in any evidentiary challenge without first meeting his burden of presenting a sufficient record on appeal"). We therefore assume the underlying proceeding was properly conducted and that sufficient evidence supported the trial court's decision. *See Sedona Pac. Hous. P'ship v. Ventura*, 408 S.W.3d 507, 511 (Tex. App.—El Paso 2013, no pet.) ("[u]nder the presumption of regularity of judgments, we are required to presume recitations in the final judgment are correct absent any evidence to the contrary," and if no reporter's record is filed, we presume that evidence supports trial court's recitations); *In re Estate of Jones*, No. 05-10-00566-CV, 2011 WL 797378, at *1 (Tex. App.—Dallas Mar. 8, 2011, no pet.) (mem. op.) (appellate court assumed that recitations in trial court order granting temporary injunction were correct and that order

---

[2] In appellants' brief, they do not even assert that they presented evidence to support their request for injunctive relief and say only that they were entitled to declaratory and injunctive relief because they pleaded that certain rules impaired or threatened to impair their legal rights. This is not the standard under which we evaluate a trial court's denial of an application for temporary injunction.

3

was supported by sufficient evidence); *Southern Ins. Co. v. Brewster*, 249 S.W.3d 6, 13 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("Well-settled law compels that we presume that proceedings in the trial court, as well as its judgment, are regular and correct."). We affirm the trial court's order.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   July 3, 2015