**Miguel HERNANDEZ, M.D., Appellant,**

v.

**Julious EBROM, Appellee.**

**No. 13–06–053–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Feb. 8, 2007.

I. Cecilia Garza, Ronald G. Hole, Hole & Alvarez, L.L.P., McAllen, for appellant.

Richard W. Hunnicutt, Law Office of David McQuade Leibowitz, San Antonio, for appellee.

Before Chief Justice VALDEZ and Justices YAÑEZ and VELA.

## MEMORANDUM OPINION

Memorandum Opinion by Justice VELA.

Appellant, Miguel Hernandez, M.D., appeals the trial court's order denying his motion to dismiss pursuant to Chapter 74.351 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon Supp.2006). Appellant did not file this appeal as an interlocutory appeal pursuant to Texas Civil Practice and Remedies Code Section 51.014(a)(9). Rather, appellant appealed this case only after an agreed order of nonsuit was entered, dismissing with prejudice all of appellee's claims against appellant and McAllen Bone and Joint Clinic, a co-defendant in the trial court. We dismiss the case as moot.

Appellee, Julious Ebrom, filed suit against Miguel Hernandez, M.D. and McAllen Bone and Joint Clinic for medical malpractice. Thereafter, appellant and McAllen Bone and Joint Clinic filed a motion to dismiss and amended motion to dismiss pursuant to Texas Civil Practice and Remedies Code section 74.351, claiming that the expert report filed by appellee was inadequate. Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon Supp.2006). On July 6, 2005, the trial court granted McAllen Bone and Joint Clinic's motion to dismiss and denied the motion to dismiss filed by Appellant Hernandez. Several months later, on January 4, 2006, the trial court entered an agreed order granting nonsuit, dismissing all of appellee's claims against appellant with prejudice. Appellant filed his notice of appeal complaining of the trial court's order denying the motion to dismiss on February 6, 2006.

In two cases almost directly on point, this Court previously held that it lacked subject matter jurisdiction to review similar orders denying motions to dismiss because they were rendered moot by the trial court's subsequent dismissal of the cases by nonsuit. *Barrera v. Rico,* No. 13–04–480–CV, 2005 Tex.App. LEXIS 5683 *2, 2005 WL 1693698 (Tex.App.-Corpus Christi, September 15, 2005, pet. filed); *Villafani v. Trejo,* No. 13–04–449–CV, 2005 Tex.App. LEXIS 8265, 2005 WL 2461821 (Tex.App.-Corpus Christi, October 6, 2005, pet. filed). In *Rico,* this Court held that the nonsuit vitiated the earlier order and rendered moot any controversy. *Rico,*

2005 Tex.App. LEXIS 5683 at *2; 2005 WL 1693698 *See also In re Bennett*, 960 S.W.2d 35,38 (Tex.1997) (orig.proceeding). Because we are bound to follow our own precedent, we likewise dismiss this appeal.

The appeal is dismissed.