Jerry GURKOFF, D.O., Petitioner,

v.

Rosemary JERSAK, Respondent.

No. 08–0398.

Supreme Court of Texas.

Feb. 27, 2009.

Hilaree A. Casada, Michael L. Hurst, Hermes Sargent Bates, L.L.P., Dallas, TX, for Petitioner.

Grey Pierson, Pierson Behr, Jeffrey C. Poster, Jeffrey Poster, P.C., Arlington, TX, for Respondent.

Justice BRISTER, joined by Justice HECHT, dissenting from the denial of the petition for review.

There is no point passing laws if the courts will not enforce them. The point of the law mandating expert reports was to shift the costs of meritless cases to those who filed them. In this case, no expert report was ever filed, so the statute deems it meritless. Yet the courts below refused to shift any costs because the defendant sought recovery from the plaintiff's attorney rather than the plaintiff—who had died without assets. If it was not clear before, it is surely clear now: some courts simply will not enforce this statute. Because the Court declines to enforce it either, I respectfully dissent to the denial of the petition.

Rosemary Jersak sued Dr. Jerry Gurkoff for allegedly operating on the wrong finger of her right hand. Dr. Gurkoff denied that he operated on the wrong fin-

ger and asserted that Jersak consented in writing to the operation on the specific finger on which he performed the procedure. Jersak never filed an expert report. Dr. Gurkoff sought dismissal and costs; the trial court sat on the motion and ordered mediation. More than a year after filing, there was still no expert report when Jersak died from unrelated causes.

Dr. Gurkoff served scire facias on Jersak's husband, who answered indicating he had no interest in pursuing the case, and that Rosemary's estate had no nonexempt assets. Three years after the motion to dismiss was filed, and two and one-half years after Rosemary died, the trial court finally granted Dr. Gurkoff dismissal but refused to award a dime of attorney's fees. The court of appeals affirmed.[1]

The statute then in effect provided that upon dismissal the trial court "shall ... award[ ] as sanctions against the claimant or the claimant's attorney, the reasonable attorney's fees and costs."[2] This fee award is mandatory,[3] and explicitly provides for recovery against the claimant's attorney. If a trial court has discretion to award fees solely against a plaintiff with no assets, then this fee award is optional, not mandatory.

The court of appeals held Dr. Gurkoff waived his fee claim by seeking fees only from Jersak's law firm and not from her estate.[4] I agree a defendant cannot choose who should pay sanctions; sanc-

tions must be assessed against the offending party.[5] But nothing in this record supports a finding that the costs here are solely the fault of Jersak rather than her attorneys.

After Jersak's death, her attorneys could have appeared on behalf of her estate or heirs,[6] but they refused to appear at all, asserting that her death cancelled their attorney-client relationship. They did reappear on behalf of her husband, and insisted that only the probate court had jurisdiction, even though no administration was ever filed. They insisted on completing mediation in a case with no expert support. They insisted that the statute was inapplicable to res ipsa loquitur claims, even though it explicitly applies to all "health care claims" regardless of the underlying theory. And to top it off they insisted that the defendant could get no fees without first trying to recover the fees from their former client rather than themselves. The blame for these faulty jurisdictional and legal hurdles can hardly be placed on Rosemary Jersak, as most were raised after she died.

Generally, trial judges should hesitate to impose sanctions on an attorney lest they chill zealous representation. But the Legislature found that such hesitation was driving physicians from Texas and patients from medical care they needed.[7] When an attorney is responsible for filing a suit without expert support, it is both illogical

1. 2008 WL 1700126.

2. TEX.REV.CIV. STAT art. 4590i, § 13.01(e) (repealed 2003).

3. See Am. Transitional Care Ctrs. of Tex. v. Palacios, 46 S.W.3d 873, 877 (Tex.2001).

4. 2008 WL 1700126, at *2.

5. See In re SCI Tex. Funeral Servs., Inc., 236 S.W.3d 759, 761 (Tex.2007); TransAmerican

Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex.1991).

6. See TEX.R. CIV. P. 151 ("If the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name.").

7. In re McAllen Med. Ctr., Inc., 275 S.W.3d 458, 466 (Tex.2008).

and wasteful to insist that the defendant pursue a plaintiff with no assets. Accordingly, I would reverse the court of appeals' opinion and order the trial court to assess sanctions against Jersak's attorneys.