NUMBER 13-10-00641-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

MIGUEL HERNANDEZ, M.D.,                                                       Appellant,

                                                                             

 

v.

 

JULIOUS EBROM,                                                                         
Appellee.

                                                                                                                             

 

On appeal from the 389th District Court

of Hidalgo County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Garza 

 

            This is an appeal
from an award of attorney’s fees in a medical malpractice action brought by appellee,
Julious Ebrom, against appellant, Miguel Hernandez, M.D.  The trial court
awarded $40,000 in fees to Dr. Hernandez, with half of the award assessed
against Ebrom and half assessed against Ebrom’s attorneys, appellees Richard
Hunnicutt and The Law Offices of David McQuade Leibowitz (“Leibowitz”).  We dismiss
the appeal.

I.  Background

The factual and procedural
background of this case was set forth as follows in Hernandez v. Ebrom, No.
13-06-053-CV, 2010 Tex. App. LEXIS 3397 (Tex. App.—Corpus Christi May 6, 2010,
no pet.) (mem. op.):

Ebrom filed suit against two
defendants, Dr. Hernandez and McAllen Bone & Joint Clinic, alleging medical
malpractice. . . .  Ebrom provided a letter submitted by Uwe Pontius, M.D.,
Ph.D., as his expert report.  The report was originally attached to Ebrom’s
responses to requests for disclosure.  Dr. Hernandez filed a motion to dismiss,
alleging that Ebrom failed to timely file a proper expert report.  On January
19, 2005, Ebrom notified the defendants that he intended to rely upon the
letter that was filed in response to the requests for disclosure as his
required statutory expert report.

 

McAllen Bone & Joint Clinic and
Dr. Hernandez later filed an amended motion to dismiss, stating that the expert
report did not identify either defendant by name and was conclusory with
respect to causation.  The trial court granted the Clinic’s motion, but denied
Dr. Hernandez’s motion to dismiss.  Thereafter, the trial court entered an
agreed order of nonsuit as to Dr. Hernandez who then filed a notice of appeal.  This
Court issued a memorandum opinion dismissing the appeal as moot.  [Hernandez
v. Ebrom, 289 S.W.3d 332, 333 (Tex. App.—Corpus Christi 2007) (mem. op.).] 
The supreme court reversed this Court’s opinion and remanded the case to this
Court for a determination on the merits.  [Hernandez v. Ebrom, 289
S.W.3d 316 (Tex. 2008).]  Even though Ebrom has nonsuited his claims against
Dr. Hernandez, we are required to reach the merits of Dr. Hernandez’s motion to
dismiss because Dr. Hernandez has sought attorney’s fees pursuant to section
74.351(b)(1), which he is only entitled to if Ebrom’s report did not comply
with the statutory requirements.  See Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(b)(1) (Vernon Supp. 2009).

 

2010 Tex. App. LEXIS
3397, at *1-3.  We concluded that “[b]ecause the report did not name Dr.
Hernandez and was conclusory with respect to causation, the trial court should
have granted Dr. Hernandez’s motion [to] dismiss.”  Id. at *13.  We remanded
the case to the trial court to dismiss Ebrom’s suit against Dr. Hernandez with
prejudice and to assess reasonable attorney’s fees.  Id. at *14.

After this Court
issued its mandate, Dr. Hernandez filed a “Motion to Enter Order in Compliance with
Mandate,” asking the trial court to enter an order

that Defendant Miguel Hernandez, M.D.
be awarded reasonable attorney’s fees, including contingent appellate
attorney’s fees; dismissal of this action with prejudice; and that all costs
herein be assessed against Plaintiff and his attorneys, as mandated by Chapter
74 of the Texas Civil Practice & Remedies Code and the Thirteenth Court of
Appeals.

 

The trial court set
the matter for hearing.

At the hearing, Dr. Hernandez’s
attorney, Ronald G. Hole, testified as to the reasonableness and necessity of
the attorney’s fees incurred by Dr. Hernandez and estimated the total to be
$40,200 through the time of the hearing on Dr. Hernandez’s “Motion to Enter
Order in Compliance with Mandate.”  Hole submitted an Affidavit of Attorney’s
Fees, supporting his oral testimony, that was admitted into evidence by the
trial court.  Upon conclusion of the hearing, the trial court awarded $40,000
in attorney’s fees to Dr. Hernandez, allocating fifty percent of that amount to
Ebrom and fifty percent to Ebrom’s attorneys.  Immediately following the trial
court’s ruling, Hole responded that he would prepare an order to reflect the
trial court’s award.  The trial court signed the order prepared by Hole on
October 19, 2010.  This appeal followed.

II.  Standard of Review and Applicable Law

A trial court’s award
of attorney’s fees is reviewed under an abuse of discretion standard.  Truck
Ins. Exch. v. Mid-Continent Cas. Co., 320 S.W.3d 613, 623 (Tex. App.—Austin
2010, no pet.).  A trial court abuses its discretion if it acts in an arbitrary
or unreasonable manner without reference to any guiding rules or principles.  Walker
v. Gutierrez, 111 S.W.3d 56, 63 (Tex. 2003) (quoting Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985)).

Standing is a
component of subject matter jurisdiction and may be raised for the first time
on appeal.  Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440,
445 (Tex. 1993).  “Texas courts have long held that an appealing party may not
complain of errors that do not injuriously affect it or that merely affect the
rights of others.”  Torrington Co. v. Stutzman, 46 S.W.3d 829, 843 (Tex.
2000).  As a general rule of Texas law, to have
standing a plaintiff must demonstrate an interest in a conflict distinct from
that of the general public, such that the defendant’s actions have caused the
plaintiff some particular injury.  McWherter v. Agua Frio Ranch, 224
S.W.3d 285, 290 (Tex. App.—El Paso 2005, no pet.) (citing Hunt v. Bass,
664 S.W.2d 323, 324 (Tex. 1984)).  A party must show that its interest has been
prejudiced before it has standing to appeal.  Id.  An appealing party
cannot complain of errors that do not injuriously affect its rights or that
merely affect the rights of others.  Id. (citing Buckholts Indep.
Sch. Dist. v. Glaser, 632 S.W.2d 146, 150 (Tex. 1982)).  A party of record
is normally entitled to appeal; however, the party’s own interest must be
prejudiced before it has standing to appeal.  Id.  The appellant bears
the burden of making a prima facie showing of prejudice.  Id.

III.  Analysis

Dr. Hernandez
complains that the trial court abused its discretion in failing to award one
hundred percent of the fees against the “culpable parties,” which he deems to
be Hunnicutt and Leibowitz.  See Gurkoff v. Jersak, 278 S.W.3d 776, 777
(Tex. 2009) (Brister, J., dissenting from denial of petition for review) (“[A]
defendant cannot choose who should pay sanctions; sanctions must be assessed
against the offending party.”).  Ebrom did not appear at the hearing and has
not filed a brief in this matter; thus, Ebrom is not heard to complain in this
appeal.  Leibowitz has filed a brief representing its own interests.

Dr. Hernandez argues
that it was the responsibility of Hunnicutt and Leibowitz to produce a proper
expert report and that their client, Ebrom, should not be punished for their failure
to meet this requirement:

The Plaintiff entrusted his case to
Mr. Hunnicutt and his firm, to prosecute his lawsuit.  In doing so, it was the
attorneys who were responsible for meeting the strict statutory burdens placed
on health care liability claimants—one such burden being the expert report
requirement.  The statute was not complied with.

 

Hunnicutt and Leibowitz
assert that Dr. Hernandez lacks standing on appeal to complain about the trial
court’s order because he is, in essence, making the argument that Ebrom would
be making had he participated in this appeal.  They point out that there is
nothing in the record to show that Ebrom lacks assets from which to pay
attorney’s fees.  Nor has any evidence been produced at any time showing that
Ebrom lacks such assets as to make efforts to recover attorney’s fees from him
futile.

We agree with Hunnicutt
and Leibowitz that Dr. Hernandez has failed to show that he was prejudiced by
the trial court’s ruling.  An injury to Ebrom does not equate to an injury to Dr.
Hernandez.  Dr. Hernandez has not made a prima facie showing that he was in any
way injured by the trial court’s order assessing half of the attorney’s fees
award to Ebrom and half to Ebrom’s attorneys.  Without such a showing, Dr. Hernandez
lacks standing to pursue this appeal.  See McWherter, 224 S.W.3d at 290.

 

IV.  Conclusion

Because Dr. Hernandez
has failed to demonstrate that he has standing to pursue this appeal, and
because standing is a component of subject matter jurisdiction, see Tex.
Ass’n of Bus., 852 S.W.2d at 445, we dismiss this appeal for lack of
subject matter jurisdiction.

 

                                                                                                

DORI
CONTRERAS GARZA

                                                                                                Justice

 

Delivered and
filed the 

14th day of July,
2011.