

NUMBER 13-10-00641-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MIGUEL HERNANDEZ, M.D.,**                                    **Appellant,**

**v.**

**JULIOUS EBROM,**                                    **Appellee.**

---

### On appeal from the 389th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Garza**

This is an appeal from an award of attorney's fees in a medical malpractice action brought by appellee, Julious Ebrom, against appellant, Miguel Hernandez, M.D. The trial court awarded $40,000 in fees to Dr. Hernandez, with half of the award assessed against Ebrom and half assessed against Ebrom's attorneys, appellees

Richard Hunnicutt and The Law Offices of David McQuade Leibowitz ("Leibowitz"). We

dismiss the appeal.

## I. BACKGROUND

The factual and procedural background of this case was set forth as follows in

*Hernandez v. Ebrom*, No. 13-06-053-CV, 2010 Tex. App. LEXIS 3397 (Tex. App.—

Corpus Christi May 6, 2010, no pet.) (mem. op.):

> Ebrom filed suit against two defendants, Dr. Hernandez and McAllen Bone & Joint Clinic, alleging medical malpractice. . . . Ebrom provided a letter submitted by Uwe Pontius, M.D., Ph.D., as his expert report. The report was originally attached to Ebrom's responses to requests for disclosure. Dr. Hernandez filed a motion to dismiss, alleging that Ebrom failed to timely file a proper expert report. On January 19, 2005, Ebrom notified the defendants that he intended to rely upon the letter that was filed in response to the requests for disclosure as his required statutory expert report.
>
> McAllen Bone & Joint Clinic and Dr. Hernandez later filed an amended motion to dismiss, stating that the expert report did not identify either defendant by name and was conclusory with respect to causation. The trial court granted the Clinic's motion, but denied Dr. Hernandez's motion to dismiss. Thereafter, the trial court entered an agreed order of nonsuit as to Dr. Hernandez who then filed a notice of appeal. This Court issued a memorandum opinion dismissing the appeal as moot. [*Hernandez v. Ebrom*, 289 S.W.3d 332, 333 (Tex. App.—Corpus Christi 2007) (mem. op.).] The supreme court reversed this Court's opinion and remanded the case to this Court for a determination on the merits. [*Hernandez v. Ebrom*, 289 S.W.3d 316 (Tex. 2008).] Even though Ebrom has nonsuited his claims against Dr. Hernandez, we are required to reach the merits of Dr. Hernandez's motion to dismiss because Dr. Hernandez has sought attorney's fees pursuant to section 74.351(b)(1), which he is only entitled to if Ebrom's report did not comply with the statutory requirements. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1) (Vernon Supp. 2009).

2010 Tex. App. LEXIS 3397, at *1-3. We concluded that "[b]ecause the report did not

name Dr. Hernandez and was conclusory with respect to causation, the trial court

should have granted Dr. Hernandez's motion [to] dismiss." *Id.* at *13. We remanded

the case to the trial court to dismiss Ebrom's suit against Dr. Hernandez with prejudice and to assess reasonable attorney's fees. *Id.* at *14.

After this Court issued its mandate, Dr. Hernandez filed a "Motion to Enter Order in Compliance with Mandate," asking the trial court to enter an order

> that Defendant Miguel Hernandez, M.D. be awarded reasonable attorney's fees, including contingent appellate attorney's fees; dismissal of this action with prejudice; and that all costs herein be assessed against Plaintiff and his attorneys, as mandated by Chapter 74 of the Texas Civil Practice & Remedies Code and the Thirteenth Court of Appeals.

The trial court set the matter for hearing.

At the hearing, Dr. Hernandez's attorney, Ronald G. Hole, testified as to the reasonableness and necessity of the attorney's fees incurred by Dr. Hernandez and estimated the total to be $40,200 through the time of the hearing on Dr. Hernandez's "Motion to Enter Order in Compliance with Mandate." Hole submitted an Affidavit of Attorney's Fees, supporting his oral testimony, that was admitted into evidence by the trial court. Upon conclusion of the hearing, the trial court awarded $40,000 in attorney's fees to Dr. Hernandez, allocating fifty percent of that amount to Ebrom and fifty percent to Ebrom's attorneys. Immediately following the trial court's ruling, Hole responded that he would prepare an order to reflect the trial court's award. The trial court signed the order prepared by Hole on October 19, 2010. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A trial court's award of attorney's fees is reviewed under an abuse of discretion standard. *Truck Ins. Exch. v. Mid-Continent Cas. Co.*, 320 S.W.3d 613, 623 (Tex. App.—Austin 2010, no pet.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Walker v.*

3

*Gutierrez,* 111 S.W.3d 56, 63 (Tex. 2003) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)).

Standing is a component of subject matter jurisdiction and may be raised for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). "Texas courts have long held that an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." *Torrington Co. v. Stutzman,* 46 S.W.3d 829, 843 (Tex. 2000). As a general rule of Texas law, to have standing a plaintiff must demonstrate an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury. *McWherter v. Agua Frio Ranch*, 224 S.W.3d 285, 290 (Tex. App.—El Paso 2005, no pet.) (citing *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984)). A party must show that its interest has been prejudiced before it has standing to appeal. *Id.* An appealing party cannot complain of errors that do not injuriously affect its rights or that merely affect the rights of others. *Id.* (citing *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 150 (Tex. 1982)). A party of record is normally entitled to appeal; however, the party's own interest must be prejudiced before it has standing to appeal. *Id.* The appellant bears the burden of making a prima facie showing of prejudice. *Id.*

### III. ANALYSIS

Dr. Hernandez complains that the trial court abused its discretion in failing to award one hundred percent of the fees against the "culpable parties," which he deems to be Hunnicutt and Leibowitz. *See Gurkoff v. Jersak*, 278 S.W.3d 776, 777 (Tex. 2009) (Brister, J., dissenting from denial of petition for review) ("[A] defendant cannot choose

4

who should pay sanctions; sanctions must be assessed against the offending party."). Ebrom did not appear at the hearing and has not filed a brief in this matter; thus, Ebrom is not heard to complain in this appeal. Leibowitz has filed a brief representing its own interests.

Dr. Hernandez argues that it was the responsibility of Hunnicutt and Leibowitz to produce a proper expert report and that their client, Ebrom, should not be punished for their failure to meet this requirement:

> The Plaintiff entrusted his case to Mr. Hunnicutt and his firm, to prosecute his lawsuit. In doing so, it was the attorneys who were responsible for meeting the strict statutory burdens placed on health care liability claimants—one such burden being the expert report requirement. The statute was not complied with.

Hunnicutt and Leibowitz assert that Dr. Hernandez lacks standing on appeal to complain about the trial court's order because he is, in essence, making the argument that Ebrom would be making had he participated in this appeal. They point out that there is nothing in the record to show that Ebrom lacks assets from which to pay attorney's fees. Nor has any evidence been produced at any time showing that Ebrom lacks such assets as to make efforts to recover attorney's fees from him futile.

We agree with Hunnicutt and Leibowitz that Dr. Hernandez has failed to show that he was prejudiced by the trial court's ruling. An injury to Ebrom does not equate to an injury to Dr. Hernandez. Dr. Hernandez has not made a prima facie showing that he was in any way injured by the trial court's order assessing half of the attorney's fees award to Ebrom and half to Ebrom's attorneys. Without such a showing, Dr. Hernandez lacks standing to pursue this appeal. *See McWherter*, 224 S.W.3d at 290.

5

## IV. Conclusion

Because Dr. Hernandez has failed to demonstrate that he has standing to pursue this appeal, and because standing is a component of subject matter jurisdiction, *see Tex. Ass'n of Bus.*, 852 S.W.2d at 445, we dismiss this appeal for lack of subject matter jurisdiction.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
14th day of July, 2011.