**William T. PIERCE et ux., Appellants,**

v.

**SOUTHERN PACIFIC COMPANY et al.,**
**Appellees.**

**No. 4583.**

Court of Civil Appeals of Texas.

Waco.

Jan. 5, 1967.

Rehearing Denied Jan. 26, 1967.

Moore & McCarty, Ennis, for appellants.

W. T. Satterwhite, Ennis, Jackson, Walker, Winstead, Cantwell & Miller, D. L. Case, Dallas, Forrester Hancock, Waxahachie, for appellees.

OPINION

WILSON, Justice.

Plaintiff appeals from an order sustaining defendants' plea in abatement and dismissing the action on the ground plaintiff had no justiciable interest in the subject matter of the litigation. We affirm.

Plaintiff plead that in 1947 defendant Southern Pacific Company, as owner, dedicated a two-block area of its right-of-way in the City of Ennis for park purposes and as a public memorial to its employees who died in World War II; that Southern Pacific purchased and erected a monument, and named the park for plaintiff's son who was the first war casualty among its em-

ployees; that the park and monument were intended to be a memorial to plaintiff's son and others who sacrificed their lives in the war; that plaintiff had attended dedicatory exercises before a large audience at the railroad's invitation, and the park and monument had "a special place in plaintiff's heart and life," and "sacred memories were awakened in viewing the spot where the memorial stood and where the park was located."

It was alleged the railroad and other defendants were using the park for purposes inconsistent with the dedication by removing grass and trees and replacing them with gravel and scrap roofing material, alleged to constitute a nuisance; that they were using portions of the park site for a used car and parking lot; and that they had removed the monument to another location in the park. Plaintiff pleaded in the alternative that she asserted a right of action as a class representative. Injunction was sought restraining the sale or use of the area for any other than park purposes. There was evidence indicating that the City of Ennis took no formal action on plaintiff's invitation to join as party plaintiff in the action.

Plaintiff relies, as authority for the right to assert the action, on a series of cases applying the injunctive remedy to an inconsistent use of property devoted to cemetery purposes. In the cases cited, however, the cemetery was owned by private associations, or plaintiffs were trustees or owners of private property rights in the cemetery. These decisions have no application here, where the land is alleged to have been a public park and plaintiff admits there are no property rights involved.

It is undisputed and admitted on oral argument that plaintiff has no private property right in the land in controversy; that no property damage is involved; that there is no invasion or deprivation of any right apart from that suffered by the public generally. The only right involved is the right to the use and enjoyment of the park and to have it maintained as a public

memorial. This right does not differ from that of the general public. The applicable test of plaintiff's right to bring the action is whether the right sought to be preserved is shared in common with the public. No action "lies to restrain an interference with a mere public right, at the suit of an individual who has not suffered or is not threatened with some damage peculiar to himself." City of San Antonio v. Stumburg, 70 Tex. 366, 7 S.W. 754 and see cases cited, Scott v. Board of Adjustment, Tex. Civ.App., 393 S.W.2d 837, at p. 839, reversed on other grounds, Tex.Sup., 405 S.W.2d 55.

It may well be that plaintiff has a sentimental or emotional interest in the subject matter which exceeds in degree and intensity that of many other members of the public. With this interest the trial court was doubtless sympathetic, as are we, but, as held in San Antonio Conservation Soc. v. City of San Antonio, Tex.Civ.App., 250 S.W.2d 259, 264, writ refused: "It is the nature of the wrong, injury or damage which controls and not the extent."

Appellant apparently sought to act as class representative of nine other mothers, the names of whose sons appear on the monument. These, of course, have no greater justiciable interest than appellant. Other individual citizens of the City of Ennis for whom appellant may have purported to act as class representative are subject to the same rules applied above, and their status was not alleged to be such as would confer additional authority on plaintiff to bring the suit for them.

An action such as this, under the circumstances alleged, may only "be brought by the lawfully constituted guardian or guardians of the public interest." City of San Antonio v. Stumburg, 70 Tex. 366, 7 S.W. 754. We cannot discard a settled rule merely because it dictates a result which may seem harsh to a single litigant.

Appellant's points are overruled.

Affirmed.