**Tom HUNT, et al., Appellants,**

v.

**Tom BASS, et al., Appellees.**

No. 01–82–802–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 19, 1983.

Rehearing Denied Aug. 11, 1983.

Robert Hohenberger, George S. Gray, Houston, for appellants.

Dori Wind, Houston, for appellees.

Before JACK SMITH, DUGGAN and LEVY, JJ.

## OPINION

LEVY, Justice.

This is an appeal from a dismissal for lack of jurisdiction in a suit for mandamus.

Appellants, in their individual capacities as citizens and taxpayers of Harris County, Texas, and as litigants in the Courts of Harris County, Texas, brought this suit for mandamus, complaining of the backlog of cases on the civil dockets of Harris County. Appellants contend that this backlog of cases creates an intolerable delay for the trial of their own causes of action, thereby depriving them, for all practical purposes, of their right to have remedy by due course of law. Tex.Const. art. I, § 13. Therefore, appellants sought to compel the Commissioners Court of Harris County to provide adequate, efficient and properly staffed courthouses, and to compel the Honorable Max M. Rogers, Presiding Judge over the Second Administrative Judicial District of Texas, to order that supplementary District Judges, from outside Harris County, be assigned to the backlog of cases in Harris County until such time as the dockets in Harris County are more nearly current and equal to the dockets of other Texas counties.

In response to appellees' pleas to the jurisdiction, the trial court dismissed appellants' suit, stating that the appellants had no standing to bring this cause of action. Appellants contend in their only ground of error that the trial court erred in sustaining appellees' pleas to the jurisdiction.

We note at the outset that mandamus is an extraordinary remedy reserved for only extraordinary circumstances, *Munson v. Terrell,* 101 Tex. 220, 105 S.W. 1114 (1907), and should not be granted unless the petition shows every fact necessary to entitle the relator to the relief sought. Mandamus will not issue to compel the performance of an act which involves the exercise of discretion or judgment. In performing his duties as Presiding Judge of the Second Administrative Judicial District, the appellee, Judge Max Rogers, obviously must exercise his judgment and discretion in the assignment of judges to the various district courts within his jurisdiction.

It is well established that a plaintiff fails to demonstrate a justiciable interest if, as a private citizen, he asserts a public, as distinguished from a private, right, and his petition fails to show that the matters in dispute affect him differently from other citizens. *City of Abilene v. Shackelford,* 572 S.W.2d 742 (Tex.Civ.App.—Eastland) rev'd on other grounds 585 S.W.2d 665 (Tex.1979). Without a justiciable interest in the subject matter of the litigation, either in his own right or in a representative capacity, a person cannot maintain a cause of action in Texas Courts. *Yett v. Cook,* 115 Tex. 205, 281 S.W. 837 (1926). A citizen must have a separate interest in the subject matter in his own right, different from that of the general public, and may not bring suit solely as a representative of the general public. *Mitchell v. Dixon,* 140 Tex. 520, 168 S.W.2d 654 (1943, opinion adopted); *Lewright v. Love,* 95 Tex. 157, 65 S.W. 1089 (1902); *Julian v. Carrollton Independent School District,* 346 S.W.2d 189 (Tex.Civ.App.—Texarkana 1961, no writ); *Wilson v. Pierce,* 123 S.W.2d 695 (Tex.Civ.App.—Galveston 1938, no writ).

The common law rule for standing in a suit for mandamus was set out in *City of San Antonio v. Stumburg,* 70 Tex. 366, 7 S.W. 754 (1888), as follows:

"We think it a principle established by the overwhelming weight of authority in the courts of all countries subject to the common law that no action lies to restrain an interference with a mere public right, at the suit of an individual who has not suffered or is not threatened with some damage peculiar to himself ..."

The rule was restated in *Yett v. Cook, supra,* as follows:

"Whatever may be the rule in other jurisdictions, there can be no doubt that in Texas an action relating to elections or other matters of law enforcement, not involving questions of taxation or unlawful expenditure of public funds, cannot be maintained by a relator or plaintiff whose interest is only that of the public generally, in the absence of a valid statute authorizing the suit."

Also, see *Holland v. Taylor,* 153 Tex. 433, 270 S.W.2d 219 (1954).

■ Only those who can show specific injury to themselves and a specific duty owed to them can maintain a mandamus action, *Porter v. State ex rel. Rasberry,* 78 Tex. 591, 14 S.W. 794 (1890), thus illustrating the difference between the *capacity* to sue, which is the right to come into court, and the *standing* to sue, which is the *right to relief* in court.

■ Appellants failed to prove that they suffered a peculiar or special injury resulting from the backlog of civil cases in Harris County. Whatever damages appellants may suffer as a result of their delay are not peculiar to themselves; rather, they are shared by the public generally. Like everyone else who has a suit pending in the Courts of Harris County or who is a resident of Harris County and is contemplating initiating a lawsuit, the appellants must simply wait until their suits are able to be heard. Their remedy for delay, to be partially achieved through enlargement of court facilities, lies in petitioning the State Legislature and the County Commissioner's Court, not within the judicial system.

The appellees' pleas to the jurisdiction were properly sustained and the judgment of the trial court is affirmed.