**Tom HUNT, et al., Petitioners,**

v.

**Tom BASS, et al., Respondents.**

**No. C–2426.**

Supreme Court of Texas.

Feb. 1, 1984.

Rehearing Denied March 7, 1984.

Robert Hohenberger, George S. Gray, Houston, for petitioners.

Mike Driscoll, County Atty., David R. Hurley and Dori A. Wind, Asst. County Attys., J. Edwin Smith, Houston, for respondents.

WALLACE, Justice.

This is an appeal from a dismissal of a petition for mandamus. The trial court dismissed the petition after finding that Tom Hunt, et al, the plaintiffs, had no standing to sue. The court of appeals affirmed the judgment of the trial court. 657 S.W.2d 154. We reverse the judgments of the courts below and remand the cause to the trial court.

Tom Hunt and ten other citizens of Harris County, Texas, are each plaintiffs in separate lawsuits pending in civil district courts of Harris County. The petition for writ of mandamus alleged that these plaintiffs were denied valuable property rights in that the trial of their lawsuits were delayed due to the failure of the Harris County Commissioners' Court, and the individual commissioners, to provide adequate courtroom space and personnel. The petition also alleged that the Presiding Judge of the Second Administrative Judicial District of Texas, Max Rogers,[1] had failed to assign judges from other counties within the second judicial district to preside over courts in Harris County. The plaintiffs contended that such actions would reduce the dockets to levels commensurate with those in other Texas counties resulting in a more efficient administration of justice.

 The sole issue before us is whether the plaintiffs had standing to maintain their suit for mandamus. In order for any person to maintain a suit it is necessary that he have standing to litigate the matters in issue. Standing consists of some interest peculiar to the person individually and not as a member of the general public. *Mitchell v. Dixon*, 140 Tex. 520, 168 S.W.2d 654 (1943); *Yett v. Cook*, 115 Tex. 205, 281 S.W. 837 (1926); *City of San Antonio v. Strumberg*, 70 Tex. 366, 7 S.W. 754 (1888); *Pierce v. Southern Pacific Co.*, 410 S.W.2d 801 (Tex.Civ.App.—Waco 1967, writ ref'd); *City of DeLeon v. Fincher*, 344 S.W.2d 743 (Tex.Civ.App.—Amarillo 1961, writ ref'd n.r.e.). This general rule of standing is

applied in all cases absent a statutory exception to the contrary. *Scott v. Board of Adjustment*, 405 S.W.2d 55 (Tex.1966).

 Plaintiffs have shown a particular personal interest which separates them from the general public. Each is a party to a lawsuit pending in a district court in Harris County. The alleged failure of the court system to provide trials of their lawsuits in a reasonable time potentially deprives each of these plaintiffs of a valuable property right. Therefore, plaintiffs have made sufficient allegations concerning infringement of their private rights to present justiciable interests. This gives them standing to prosecute the mandamus action.

We do not discuss the burden of proof which the plaintiffs must discharge in order to prevail in their lawsuit. That question is not before us. However, the question of standing is distinct from the question of proof and once the plaintiffs alleged an interest peculiar to themselves and distinguishable from the public generally, they were entitled to a factual hearing.

The judgments of the court of appeals and the trial court are reversed and this cause is remanded to the trial court.

ROBERTSON, J., filed a concurring opinion.

ROBERTSON, Justice, concurring.

I concur. The Petitioners in this cause, litigants in the Harris County court system, have alleged sufficient infringement of their right to seek redress in open court to establish standing.

A civilized people rely on an accessible system of courts to redress their injuries. Our constitutional guarantees of open courts and remedy by due course of law are rooted in the Magna Carta and represent a "basic consensus in our society about how government should act." G. Braden, 1 *The Constitution of the State of Texas: An Annotated and Comparative Analysis* 51 (1977).

---

1. We note that Max Rogers is no longer the Presiding Judge of the Second Administrative Judicial District.

The Texas Constitution, Article I, Section 13, provides:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

Delay is inherent in the judicial process, and one must expect delay to be greater in a burgeoning metropolis than in a rural community. Nevertheless, at some point delay may become so prolonged as to constitute closure of the courts and deprivation of due course of law within the meaning of Section 13. The question where on the continuum between delay and absolute closure of the courts this deprivation occurs is a matter to be resolved on the merits by the courts below. In another context, we have held that procedural delay which results in irreparable injury may violate Section 13. *Waites v. Sondock,* 561 S.W.2d 772 (Tex. 1977). I disagree with Respondents' contentions that Petitioners' failure to allege exactly when the doors of a specific courtroom were closed to them deprives them of standing. While the cause asserted is bold, and the remedy sought is unusual, it cannot on these grounds alone be denied judicial review. The plaintiffs have standing to assert their cause of action.