**COMMISSIONERS COURT OF CHEROKEE COUNTY, Texas, et al., Appellants,**

v.

**Alicia COOKSEY, Appellee.**

No. 12-86-0033-CV.

Court of Appeals of Texas, Tyler.

June 27, 1986.

Rehearing Denied July 28, 1986.

John Hannah, Jr., Tyler, for appellants.

John S. Ament, Ament, Dixon & Richards, Jacksonville, for appellee.

COLLEY, Justice.

Robert Underwood, O.B. Sartain, Joe Henderson, Frank Ross, and Robert McNatt, respectively the four County Commissioners and County Judge of Cherokee County, comprise the Commissioners Court of Cherokee County and are defendants/appellants in this case. Defendants seek reversal of a judgment below granting a writ of mandamus compelling the Commissioners Court to fund the office of County Court At Law of Cherokee County [1] for the calendar year 1986. We reverse the judgment and render judgment denying the petition for mandamus.

The plaintiff below, Alicia Cooksey, filed a petition for writ of mandamus on November 26, 1985. Her petition alleges that she "is a litigant in a domestic relations lawsuit pending in the District Court of Cherokee County." Further, she avers that she is seeking temporary and permanent orders in such suit, but because of the district court's heavy caseload, she is "limited in the amount of time allowed [by the District Judge] to present her case." Cooksey contends that such practice on the part of the District Judge affects the quality of legal services that can be delivered by her attorney, and "hence deprives [her] of due process of law."

On December 19, 1985, plaintiff's mandamus action was heard by a visiting judge. Several witnesses were called by the plaintiff. Plaintiff testified on direct examination that she had recently filed a divorce suit and that a preliminary hearing had been conducted on December 16, 1985, respecting an award of temporary alimony and child support. On cross-examination, she admitted that she was able to "get the hearing that [she] wanted for temporary

---

1. Created by the 68th Legislature in 1983. *See* Tex.Rev.Civ.Stat.Ann. art. 1970-384 (Vernon Supp.1986), hereinafter referred to as article 1970-384.

orders." She affirmatively stated that she had not been limited "in any regard in presenting [the] divorce case," and that she "[could not] get a divorce until several weeks from now[2] [December 19, 1985]."

The testimony of other witnesses called by the plaintiff can be characterized as tending to show that much of the district court's business concerns family law matters, including divorce, and that the district court docket was crowded with settings in divorce cases for hearings for temporary orders, as well as for trials of contested divorce cases on the merits. None of the witnesses testified that the plaintiff suffered any unreasonable delay in the trial of her suit. Frances Henley, the coordinator for the District Court of Cherokee County, was called by the plaintiff and testified that hearings for temporary orders were normally scheduled within three days of a request therefor. She also testified that trials in contested divorce cases were scheduled within ninety days to six weeks following a request for setting, but occasionally "hotly" contested cases were scheduled for trial eight weeks after request for setting.

After hearing the evidence, the trial judge ordered the issuance of the writ of mandamus.

Defendants urge five points of error contending: (1) the suit was premature; (2) the plaintiff failed to establish that she had a justiciable interest in the subject matter of the suit; (3) the plaintiff had adequate alternative remedies; (4) the defendants did not abuse their discretion or act "arbitrarily or capriciously"; and (5) the plaintiff was not entitled to relief because she came to court with "unclean hands."

Our careful study of the evidence adduced persuades us that the plaintiff failed to prove that she had a justiciable interest in the subject matter of this suit. "It is a rule of universal acceptation that to entitle any person to maintain an action in court it must be shown that he has a justiciable interest in the subject matter in litigation, either in his own right or in a representative capacity." *Yett v. Cook,* 115 Tex. 205, 281 S.W. 837, 841 (1926). The court in *Yett* further stated:

> Whatever may be the rule in other jurisdictions, there can be no doubt that in Texas an action relating to elections or other matters of *law enforcement,* not involving questions of taxation or unlawful expenditure of public funds, cannot be maintained by a relator or plaintiff whose interest is only that of the public generally, in the absence of a valid statute authorizing the suit.

*Id.* 281 S.W. at 841. (Emphasis added.) (Citation omitted.) In *Yett,* Chief Justice Cureton, writing for the court, pointed out that relief against a breach of duty or abuse of duty by mandamus can be obtained by the state acting by its duly authorized officers. *Id.* 281 S.W. at 843.

By virtue of the provisions of Tex. Const. art. III, § 1, all legislative power is vested in "[t]he Legislature of the State of Texas." Moreover, the provisions of the Texas Constitution, particularly article V, section 1, empower the legislature to "establish such other courts as it may deem necessary."[3] By its enactment of article 1970-384, the legislature created the County Court at Law in Cherokee County, effective January 1, 1986. The provisions of the statute cast on the defendants a continuing ministerial and nondiscretionary duty[4] to provide funding for the county court at law, the judge's salary, his office and other expenses, a salary for a court reporter, and to furnish office and courtroom facilities for the court. The evidence shows that the defendants failed to allocate funds for these expenditures in the county budget

---

2. Cooksey testified that she understood that "it takes two months or more [to secure a divorce decree]"; an obvious reference to Tex.Fam.Code Ann. § 3.60 (Vernon 1975).

3. Other than the Supreme Court, the Court of Criminal Appeals, the Courts of Appeals, the District Courts, County (constitutional) Courts, the Commissioners Courts, and Justice of the Peace Courts.

4. *See Vondy v. Commissioners Court of Uvalde County,* 620 S.W.2d 104, 109 (Tex.1981).

adopted in September 1985 for the calendar year 1986.

The plaintiff argues that the evidence establishes that she has standing to maintain this action, citing in support thereof *Hunt v. Bass*, 664 S.W.2d 323 (Tex.1984). In that case, the trial court granted defendant's plea to the jurisdiction and dismissed the action, finding that the plaintiffs had no standing to maintain the action. The plaintiffs in *Hunt* were plaintiffs in various civil actions filed in the civil district courts of Harris County, Texas, and they alleged in their petition for mandamus that they were denied valuable property rights in the trial of their cases because of the alleged failure of the Harris County Commissioners Court to provide adequate courtroom space and personnel. The Houston Court of Appeals [First District] affirmed the trial court's judgment.[5] The Supreme Court reversed the judgments below and remanded the cause for trial, holding that the plaintiffs had standing to maintain the suit for mandamus, stating,

> Plaintiffs have shown a particular personal interest which separates them from the general public. Each is a party to a lawsuit pending in a district court in Harris County. The alleged failure of the court system to provide trials of their lawsuits in a reasonable time potentially deprives each of these plaintiffs of a valuable property right. Therefore, plaintiffs have made sufficient allegations concerning infringement of their private rights to present justiciable interests. This gives them standing to prosecute the mandamus action.

*Hunt v. Bass*, 664 S.W.2d at 324.

Assuming, without deciding, that the allegations made by the plaintiff in this cause are sufficient to show that she has the requisite justiciable interest in the subject matter of *this* action, we nevertheless conclude that the evidence is grossly insufficient to establish the truth of the allegations. There is no evidence that the plaintiff's action was thwarted by unreasonable delay. By her own admissions, she was able to, and did secure a timely hearing in the district court for the entry of temporary orders. The plaintiff has not established by competent evidence that she has been deprived of any valuable property right, or for that matter, sustained any injury or harm by reason of the failure of the defendants to fund the county court at law. We sustain defendants' second point. We do not address defendants' remaining points of error.

The judgment below is reversed, and judgment is here rendered denying the petition for mandamus. All costs are adjudged against the plaintiff/appellee.

---

5. *Hunt v. Bass*, 657 S.W.2d 154 (Tex.App.— Houston [1st Dist.] 1983).