NUMBER 13-01-161-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                           CORPUS CHRISTI

 



 

                        EX PARTE: FRANCISCO
AVILA



 



 

                   On appeal from the 94th District Court

                           of
Nueces County, Texas.

 



 

                     MEMORANDUM OPINION

 

                       Before Justices Dorsey, Yañez, & Castillo

                                  Opinion by Justice Dorsey

 








This case is an
attempted appeal by the City of Corpus Christi from an order entered January
11, 2001, by the 94th Judicial District Court in Nueces County, Texas.  This order exempted Francisco Avila, appellee, from registration requirements for sexual offenders
as authorized by article 62.0105 of the Texas Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art.
62.0105 (Vernon 2002). 
Article 62.0105 allows for certain classes of persons who would normally
be required to register as sex offenders to petition a court for an order
exempting such a person from registration at Aany time after the person=s sentencing or
after the person is placed on deferred adjudication community supervision.@  Id. at art. 62.0105(a). 

 Avila filed a petition in compliance with that
code section.  A hearing was held by the
trial court, likewise complying with the code, at which the State appeared and
participated through the Nueces County District Attorney=s Office.  The City attempts to appeal this order,
contending that it has an Ainterest in the
subject matter of this suit@ by virtue of
the fact that the City is responsible for maintaining the database of
registered sex offenders.  We disagree.

Article 62.0105
does not list any entities who must be named parties
and served with notice of a proceeding under that article.  Id.  
Where the law does not require notice to be given a person or entity,
the action is ex parte.   However in this case the state participated in
the hearing, thus representing the interests of the public, if any. 








AIn order for
any person to maintain a suit it is necessary that he have standing to litigate
the matters in issue.@  Hunt v. Bass, 664 S.W.2d
323, 324 (Tex. 1984).  A plaintiff has
standing when it is personally aggrieved or otherwise has a justiciable
interest in the controversy.  See Nootsie, Ltd. v. Williamson County
Appraisal Dist., 925 S.W.2d 659, 661 (Tex. 1996).  Without the plaintiff having standing, the
court is without subject matter jurisdiction over the suit.  Nootsie, 659 S.W.2d at 662. 
The city was not a party to the action below, but claims its interest
arises from its clerical duty to maintain the records.  Such is not a sufficient interest in the
proceedings to give it standing to contest the order of the trial court.  We have discovered no cases hinting the contrary.

Accordingly, we
hold that the City lacks standing to bring this appeal and dismiss for want of
jurisdiction.

 

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R.
App. P. 47.3(b).

 

Opinion delivered and filed

this 25th day of April,
2002.