NO. 07-11-0457-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 18, 2012
_____

In re JACKI KING,

Relator
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 99,466-B; HON. RONALD ENNS, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jacki King (King) appeals from an order dismissing her suit for a writ of mandamus filed against the Potter County Sheriff, Brian Thomas (Thomas). She sought the writ to compel the sheriff to revoke certificates of registration issued to Carmel Azzopardi (Azzopardi) per the Dangerous Wild Animal Act found in chapter 822, subchapter E of the Texas Health and Safety Code. Those certificates purportedly allowed Azzopardi to keep dangerous wild animals on his property. Because Azzopardi allegedly violated aspects of that Act, the sheriff, as the official designated to enforce it, was obligated to revoke the certificates. In dismissing the suit, the trial court concluded that it lacked jurisdiction over the proceeding. That is, it sustained the sheriff's plea to

the court's jurisdiction wherein he contended that King lacked standing and that the dispute was not ripe. King disagreed with the trial court's ruling and appealed. We affirm.

In *Hunt v. Bass*, 664 S.W.2d 323 (Tex. 1984), the Texas Supreme Court had before it an appeal from an order dismissing a petition for writ of mandamus. The proceeding had been dismissed because the relator lacked standing to sue. *Id.* at 324. Though the court ultimately concluded that standing existed, it nonetheless held that "for any person to maintain a suit it is necessary that he have standing to litigate the matters in issue" and that standing "consists of some interest peculiar to the person individually and not as a member of the general public." *Id.* Moreover, this "general rule of standing is applied *in all cases* absent a statutory exception to the contrary," according to the court. *Id.* (emphasis added). Given this directive, we cannot but reject King's premise that she need not show such an interest peculiar to herself to prosecute her petition of mandamus.

As for her peculiar interest, it consists of her living in the same county as Azzopardi and being subject to potential harm if he does not comply with the aforementioned wildlife act. So too does she suggest that though she lives several miles from him, she is in "imminent threat of harm from the dangerous wild animals housed by Azzopardi because he is not in compliance with the provisions and Thomas is not revoking the certificates to ensure the level of safety intended by the Legislature." Yet, how she is in "imminent" threat of injury goes unexplained. Nor does she describe being injured or how her injury is likely to occur if Azzopardi fails to comply with any

2

particular aspect of the statute. And, to the extent that she does mention something about two animal attacks having occurred, they were attacks upon Azzopardi, not her.

So, what we have here is "injury [] couched in terms of potentialities or events that 'may' happen." *See Texas Disposal Sys. v. Texas Com'n Environ. Quality*, 259 S.W.3d 361, 363 (Tex. App.–Amarillo 2008 no pet.) (finding that the complainant lacked standing because its injuries were couched in terms of potentialities or events lacking indication that they were likely to occur). And, King's potential injuries are dependent upon circumstances (*i.e.* animals escaping) which she has not shown are likely to occur. This is not the stuff of an interest peculiar to her and not as a member of the general public. Consequently, we, too, hold that she lacked standing to prosecute her suit for mandamus relief and overrule her issue.

Accordingly, we affirm the order of the trial court.


Brian Quinn
Chief Justice