**Opinion issued October 30, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00459-CV

————————————

## MELISSA FORD BIERWIRTH, Appellant

## V.

## AH4R I TX, LLC, Appellee

On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Case No. 1027657

## MEMORANDUM OPINION

Melissa Ford Bierwirth appeals the county court's final judgment granting

AH4R I TX, LLC, possession of a residential property in Katy, Texas, after a

bench trial. We affirm.

## Background

In 2005, Bierwirth, then known as Melissa Ford, executed a promissory note and deed of trust granting Fieldstone Mortgage Company a security interest in a property located in Katy, Texas. The deed of trust provides that, in the event of a foreclosure sale, Bierwirth must surrender possession of the property:

> If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

In the deed of trust, Fieldstone appointed a nominee, Mortgage Electronic Registration Systems, Inc., to act on its behalf. MERS then assigned Fieldstone's rights under the deed of trust to HSBC Mortgage Services, Inc.

Bierwirth defaulted on the loan, and HSBC appointed a substitute trustee. AH4R purchased the property in a foreclosure auction on November 6, 2013. Bierwirth contends that she did not receive timely notice of the sale, although AH4R produced an affidavit stating that it mailed notice to Bierwirth at least 21 days before the sale.

Bierwirth filed suit against Fieldstone, HSBC, MERS, and AH4R in district court, alleging wrongful foreclosure and seeking to quiet title. Meanwhile, AH4R demanded in writing that Bierwirth surrender the property. When she failed to do so, AH4R filed a forcible detainer action in justice court to evict Bierwirth. The

justice court awarded possession to AH4R.  Bierwirth appealed to the county court, arguing that the justice court lacked jurisdiction over the forcible detainer action due to the pending trespass to try title action.  The county court held a de novo bench trial and entered judgment in favor of AH4R.  This appeal followed.

Bierwirth raises seven arguments on appeal. She first argues that the county court should have abated the forcible detainer action pending the outcome of the trespass to try title action because the foreclosure was conducted improperly. Second, she argues that the county court should have abated the forcible detainer action as a matter of logic because the title issues should be resolved first.  Third, she asserts that HSBC could not sell the property because it did not satisfy all requirements imposed on foreclosure sales by the Texas Property Code.  Fourth, she argues that the lien was improperly assigned and that HSBC fabricated the deed of trust, rendering that document unenforceable.  Fifth, she argues that the affidavit attached to the Substitute Trustee's Deed was deficient and contained inadmissible hearsay.  Sixth, she contends that she did not receive sufficient notice of AH4R's business records affidavit under Texas Rule of Evidence 902.  Finally, Bierwirth suggests that, because Fieldstone is not registered with the Secretary of State of Texas and because MERS has never been so registered, AH4R lacks standing to bring its forcible detainer action under the Business and Organizations Code.

Because standing is a jurisdictional issue and therefore a prerequisite to our consideration of the merits of the case, we address Bierwirth's last argument first. *Douglas v. Delp*, 987 S.W.2d 879, 883 (Tex. 1999).

## Standing

Bierwirth's seventh argument is that AH4R lacks standing to bring a forcible detainer suit because neither Fieldstone nor MERS, Fieldstone's nominee, is currently registered with the Secretary of State of Texas, as an entity must be to maintain an action in a Texas court. *See* TEX. BUS. ORGS. CODE ANN. § 9.051(b) (West 2012). It is undisputed that AH4R itself is registered with the Secretary of State. Bierwirth, however, explains that MERS, acting for Fieldstone, assigned the mortgage to HSBC, which sold the property to AH4R. Because Fieldstone and MERS are not registered with the Secretary of State, Bierwirth reasons that they could not make this assignment to HSBC and therefore AH4R lacks standing to bring suit in Texas. She concludes that AH4R "obtained its interest from HSBC, and because HSBC got its authority from foreign entities not registered to conduct business in Texas the ensuing judgment is void as a matter of law."

### A. Standard of review

"Whether a party has standing to maintain a suit is a question of law, which we review de novo." *Hobbs v. Van Stavern*, 249 S.W.3d 1, 3 (Tex. App.—

4

Houston [1st Dist.] 2006, pet. denied) (citing *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004)).

"Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000) (citation omitted). "In order for any person to maintain a suit it is necessary that he have standing to litigate the matters in issue." *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984). "Standing consists of some interest peculiar to the person individually and not as a member of the general public." *Id.* Standing may be raised by a party for the first time on appeal or may be considered by the court *sua sponte*. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993). Standing cannot be waived or conferred by agreement. *Id.*; *Green Tree Servicing, LLC v. Woods*, 388 S.W.3d 785, 790 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

## B. AH4R has standing

Bierwirth argues that either AH4R's interest in the property is derivative of the interest originally held by Fieldstone and assigned to HSBC by MERS or AH4R sought relief on behalf of one of those other entities. She concludes that AH4R can maintain its suit only if its predecessors in interest could do so. We disagree, for at least two reasons.

First, the interest that AH4R asserts is not derivative, nor does AH4R assert it on behalf of any other entity. AH4R sued Bierwirth in its own name as the owner of the property itself, not in a representative capacity or as the owner of Fieldstone's or HSBC's security interest in the property under the mortgage note. Indeed, Fieldstone, MERS, and HSBC no longer claim any right to the property. Rather, all such rights were conveyed to AH4R when it purchased the property. Texas courts look at "the nature of the wrong and to whom the relief should go" in determining the capacity in which the plaintiff brought its claims, as well as whether a cause of action is direct or derivative. *Shirvanian v. DeFrates*, 161 S.W.3d 102, 110 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (distinction between direct and derivative claims); *see also Rodarte v. Investeco Grp., L.L.C.*, 299 S.W.3d 400, 413 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (Frost, J., concurring) (discussing how courts determine capacity). AH4R has not sought relief on behalf of any other entity, but seeks to possess the property itself. Bierwirth does not articulate any argument regarding why AH4R's claim should be treated as derivative or representative, rather than direct. We hold that AH4R has asserted a direct, not derivative, claim, and the standing of its predecessors to maintain an action in Texas is irrelevant to its forcible detainer action.

Second, even if AH4R's interest were somehow derivative of an interest held by Fieldstone or MERS, Section 9.051(b) of the Business Organizations Code

does not apply to (1) holders in due course of negotiable instruments, such as the mortgage note, or (2) bona fide purchasers for value of negotiable instruments. TEX. BUS. ORGS. CODE ANN. § 9.051(b); *see also Bierwirth v. Fed. Nat'l Mortg. Ass'n*, No. 03-13-00076-CV, 2014 WL 902541, at *1 (Tex. App.—Austin Mar. 6, 2014, no pet. h.) (mem. op.) (enforcement of right to possession of property through forcible detainer action does not constitute "transaction of business" under Business Organizations Code). Thus, if Fieldstone had still held the note when Bierwirth defaulted, Fieldstone could have enforced the loan without registering in Texas. *See Bierwirth*, 2014 WL 902541, at *1 (enforcing rights under mortgage does not constitute "transaction of business" requiring registration with Secretary of State); TEX. BUS. ORGS. CODE ANN. §§ 9.051(b), 9.251(12)(C) (West 2012) (same). Even if we were to treat AH4R's interest in the property as somehow derivative of the interest held by Fieldstone and later by HSBC, Section 9.051 would not deprive AH4R of standing.

We overrule Bierwirth's seventh issue.

### Abatement and Alleged Defects in Title

Bierwirth's first five issues all turn on alleged defects in the foreclosure proceedings. Specifically, in her first and second issues, Bierwirth argues that the county court erred by not abating the forcible detainer proceeding until the resolution of the district court action to quiet title. First, she argues that the

7

foreclosure sale was improperly conducted, that AH4R cannot take possession of the property because the sale itself was defective, and that she is therefore entitled to an abatement of the forcible detainer action. Next, she argues that the title dispute and the dispute over possession are so inextricably intertwined that abatement was mandatory.

Her third through fifth issues are direct attacks on AH4R's title. In the third issue, Bierwirth argues that HSBC failed to satisfy all conditions of the Texas Property Code before selling the property. Fourth, she contends that HSBC fabricated the deed of trust upon which it relied in foreclosing on the property. Finally, she contends that the affidavit attached to the Substitute Trustee's Deed contains inadmissible hearsay, rendering the foreclosure sale void.

For the reasons that follow, we reject all of these arguments.

## A. Standard of review

"The only issue in a forcible detainer action is the right to actual possession of the premises," and the trial court may not consider whether the foreclosure and ensuing sale were proper. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *Bierwirth*, 2014 WL 902541, at *1 (in forcible detainer action, trial court cannot determine validity of sale under deed of trust); *Fontaine v. Deutsche Bank Nat'l Trust Co.*, 372 S.W.3d 257, 259 (Tex. App.—Dallas 2012, pet. dism'd w.o.j.) ("Whether a sale of property under a deed of trust is invalid may

8

not be determined in a forcible detainer action . . . ."); *see also Bierwirth v. Fed. Nat'l Mortg. Ass'n*, No. 03-12-00271-CV, 2014 WL 858677, at \*3 (Tex. App.—Austin Feb. 27, 2014, no pet. h.) (mem. op.) (in forcible detainer action, trial court cannot determine validity of sale).

But "a justice court or county court at law is not deprived of jurisdiction [over a forcible detainer claim] merely by the existence of a title dispute." *Rice v. Pinney*, 51 S.W.3d 705, 713 (Tex. App.—Dallas 2001, no pet.); *see also McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984); *Girard v. AH4R I TX DFW, LLC*, No. 02-13-00112-CV, 2014 WL 670198, at \*2 (Tex. App.—Fort Worth Feb. 20, 2014, no pet.) (mem. op.); *Chinyere v. Wells Fargo Bank, N.A.*, 01-11-00304-CV, 2012 WL 2923189, at \*2–3 (Tex. App.—Houston [1st Dist.] Jul. 12, 2012, no pet.); *H.K. Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 444 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The justice court—and, on appeal, the county court—may proceed with the forcible detainer action even if a district court has entered an interlocutory order determining the parties' immediate rights to possession and even if the question of ultimate possession might be decided differently. *Nguyen*, 229 S.W.3d at 444.

"However, if the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title." *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San

Antonio 2001, pet. dism'd w.o.j.). "In such a case involving a genuine issue of title, neither the justice court, nor the county court on appeal, has jurisdiction." *Id.* at 558; *see also Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied). "Whether a trial court has subject-matter jurisdiction is a question of law subject to *de novo* review." *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *see also Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

**B.     The county court had jurisdiction over the forcible detainer suit**

Bierwirth's first, third, fourth, and fifth issues all directly address the ultimate question of title, not immediate possession. The justice court and, on appeal, the county court could not consider those issues. *Fontaine*, 372 S.W.3d at 259; *see also Gardocki v. Fed. Nat'l Mortg. Ass'n*, No. 14-12-00921-CV, 2013 WL 6568765, at *4 (Tex. App.—Houston [14th Dist.] Dec. 12, 2013, no pet.) ("Justice courts are expressly denied jurisdiction to determine or adjudicate title to land. . . . [But t]he mere existence of a title dispute will not deprive the justice court of its jurisdiction."). Because those issues were not before the county court, we cannot find that it erred in refusing to consider them. *Prudential Ins. Co. of Am. v. J.R. Franclen, Inc.*, 710 S.W.2d 568, 569 (Tex. 1986) ("An appellate court is not authorized to reverse a trial court's judgment in the absence of properly assigned error."); *see also* TEX. R. APP. P. 33.1(a) (as prerequisite to appeal, party

10

must present complaint to trial court and obtain ruling or refusal to rule); *Tex.-Ohio Gas., Inc. v. Mecom*, 28 S.W.3d 129, 140 (Tex. App.—Texarkana 2000, no pet.) (trial court errs if it bases order on issues not before the court at the time of its order). Accordingly, we overrule Bierwirth's first, third, fourth, and fifth issues.

But, as Bierwirth argues in her second issue, "if the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title." *Dormady*, 61 S.W.3d at 557. If the issues are so intertwined, then neither the justice court nor the county court on appeal had jurisdiction over AH4R's forcible detainer claim. *Id.*; *see also Mitchell*, 911 S.W.2d at 171.

"Whether an existing title dispute in another court deprives the justice and county courts of jurisdiction to adjudicate possession in forcible-detainer actions generally turns on whether there is a basis—independent of the claimed right to title—for the plaintiff's claim of superior possession rights in the property." *Chinyere*, 2012 WL 2923189, at *3. Among other ways, AH4R could establish such an independent basis by showing the existence of a landlord-tenant relationship. *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 34 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("The existence of a landlord-tenant relationship provides a basis for the court to determine the right to immediate possession without resolving the question of title."); *see also Gardocki*, 2013 WL

11

6568765, at \*4 ("So long as the landlord–tenant relationship is established in the deed of trust, the county court can determine the issue of immediate possession without inquiring into the merits of the title."); *Chinyere*, 2012 WL 2923189, at \*4–5 (courts consistently hold that trial court may determine issue of possession when deed of trust establishes landlord–tenant relationship).

A plaintiff in a forcible detainer action "is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Morris*, 360 S.W.3d at 34. Under well-settled law, a deed of trust that establishes a landlord-tenant relationship between the borrower and the purchaser of the property at the foreclosure sale demonstrates such a superior right to possession. *Id.* at 34–35; *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("The landlord–tenant relationship established in the deed of trust provided a basis for the county court to determine that [the bank] had the right to immediate possession without resolving whether [the bank] wrongfully foreclosed on the property, an issue relating directly to who has title to the property."); *Dormady*, 61 S.W.3d at 559 ("The landlord–tenant relationship [in the deed of trust] provides a basis for determining the right to immediate possession without resolving the ultimate issue of title to the property."); *Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891, 893

(Tex. App.—Dallas 2011, pet. denied) (same holding); *Rice*, 51 S.W.3d at 712 (same holding).

The deed of trust makes Bierwirth a tenant at sufferance in the event of foreclosure if she fails to surrender possession of the property. Although Bierwirth disputes the propriety of the foreclosure, there is no dispute that HSBC did foreclose and that Bierwirth failed to surrender the property. Thus, Bierwirth became a tenant at sufferance, and this landlord-tenant relationship gives AH4R a basis for its forcible detainer action independent of its claim to title in the property. *Gardocki*, 2013 WL 6568765, at *3 ("[W]here a deed of trust provides that in the event of foreclosure, the previous owner will become a tenant at sufferance if he does not surrender possession, the trial court can resolve possession without resort to title."); *Chinyere*, 2012 WL 2923189, at *4–5; *Morris*, 360 S.W.3d at 34. The justice court and county court therefore did not need to determine whether HSBC satisfied all conditions precedent to the tenancy-at-sufferance clause or properly executed the foreclosure sale. *See Gardocki*, 2013 WL 6568765, at *4 & n.3 (holding same and collecting cases).

We overrule Bierwirth's second issue.

**Notice of Business Records Affidavit**

In her sixth and sole remaining issue, Bierwirth argues that the county court erred in failing to rule on her objection that AH4R failed to serve its business

13

records affidavit in a timely manner. Specifically, she argues that Texas Rule of Evidence 902(10) entitles her to notice that AH4R intended to use the affidavit at least fourteen days before trial, but that she had only eleven days' notice. In its form at the time of the bench trial, Rule 902(10) provided, in relevant part:

> Any record or set of records . . . which would be admissible under Rule 803(6) or (7) shall be admissible in evidence in any court in this state upon . . . affidavit . . . provided further, that such record or records along with such affidavit are filed with the clerk of the court for inclusion with the papers in the cause . . . at least fourteen days prior to the day upon which trial of said cause commences, and provided the other parties to said cause are given prompt notice by the party filing same of the filing of such record or records and affidavit . . . .

TEX. R. EVID. 902(10).[1] AH4R filed the affidavit in March 2013, more than two months before the May 2013 trial. Bierwirth argues, however, that AH4R did not timely serve the affidavit, thus she did not receive timely notice.

Bierwirth also argues that the affidavit contains substantive defects, namely that the affiant did not demonstrate her personal knowledge of the facts therein and did not properly authenticate the documents as certified copies of public records. *See* TEX. R. EVID. 902(4) (public records are self-authenticating, as are compilations of data from public records certified as correct by an authorized person). Finally, she implies that the records themselves were not made and kept

---

[1] Rule 902(10) has been amended during the pendency of this appeal. *See* Tex. Sup. Ct. Misc. Docket No. 14-9080 (amending Rule 902(10) effective Sept. 1, 2014). The amendments, however, have no retroactive effect and would not affect our analysis of this appeal.

14

in the course of a regularly conducted business activity and therefore constitute hearsay not covered by the business records exception to the hearsay rule. *See* TEX. R. EVID. 802 ("Hearsay is not admissible except as provided by statute or these rules . . . ."), 803(6) (records made and kept in course of regularly conducted business activities not excluded by hearsay rule).

Although Bierwirth filed a motion to strike the affidavit on the day of trial, she failed to obtain a ruling on the motion. Moreover, the record does not reflect that she ever objected to the affidavit on substantive grounds, much less obtained a ruling.

> As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . and (2) the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a). The record shows only that Bierwirth filed a motion to strike the affidavit the morning of trial, asking the trial court to strike the affidavit "for undue and unnecessary surprise." It does not show that she obtained a ruling on the motion or that the county court refused to rule on the motion. Further, because there is no reporter's record in this case, the record is silent as to whether AH4R actually relied upon the business records affidavit at trial. We therefore cannot say that the county court implicitly denied the motion. Thus, nothing in the

record indicates that Bierwirth has preserved her complaints regarding the business records affidavit for appeal.

Because Bierwirth failed to preserve her sixth issue for appeal, we overrule it.

## Conclusion

Because we have found no error in the county court's judgment, we affirm.



Harvey Brown
Justice

Panel consists of Justices Massengale, Brown, and Huddle.