**Reversed and Rendered and Opinion filed December 3, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00989-CV

---

## SYLVESTER TURNER, ET AL., Appellants

## V.

## JAMES ROBERT JONES, ET AL., Appellees

---

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-76931**

---

## OPINION

In this interlocutory appeal from an order denying a plea to the jurisdiction, the threshold question is whether the plaintiffs have standing to challenge an alleged level of underfunding within the city's budget. Because the plaintiffs have neither asserted a particularized injury nor sought to enjoin the illegal expenditure of public funds, we conclude that the plaintiffs lack standing to assert their challenge. We therefore reverse the trial court's order and render judgment dismissing the plaintiffs' case for want of jurisdiction.

# BACKGROUND

The Dedicated Drainage and Street Renewal Fund (the "Drainage Fund") was established to change the way that the city of Houston finances its public drainage projects. The city's former practice was to issue bonds and incur new debts, but with the initiation of the Drainage Fund, the city has shifted to a "pay-as-you go source of funding" that relies on developer impact fees, drainage charges, third party grants, and property taxes.

This last source of funding is the focus of the current dispute. Under the terms of the city charter, the city council must approve an annual budget that allocates to the Drainage Fund "an amount equivalent to proceeds from $0.118 of the City's ad valorem tax levy minus an amount equivalent to debt service for drainage and streets for any outstanding bonds or notes issued prior to December 31, 2011, and bonds or notes issued to refund them."

For Fiscal Year 2020, the city council determined that this charter provision required an allocation of approximately $47 million in property tax revenues to the Drainage Fund. The city council approved a budget with that allocation.

That budget prompted a challenge from the two plaintiffs below, both of whom are property owners residing within the city's limits (the "Residents"). Relying on the same charter provision but apparently using a different numerical calculation, the Residents believed that the city council should have budgeted an allocation of more than $91 million in property tax revenues to the Drainage Fund. The Residents sued the mayor and members of city council (collectively, the "Officials"), seeking a declaration that the Officials must fund the Drainage Fund according to the formula stated in the charter. The Residents also sought injunctive and mandamus relief against the Officials, insofar as the Officials were allegedly underfunding the Drainage Fund.

2

The Officials challenged the Residents' standing in their original answer. The Officials also filed a separate plea to the jurisdiction, in which they argued that they had not underfunded the Drainage Fund and that the Residents had failed to plead an *ultra vires* claim.

The trial court denied the plea to the jurisdiction, and the Officials brought this interlocutory appeal raising several issues in their brief. We focus on just the standing issue because it is dispositive.

## STANDING

Standing is a prerequisite to maintaining a suit because, without it, the trial court is deprived of subject-matter jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993). We are "duty-bound" to determine whether standing exists, even when that issue has not been questioned by any of the parties. *See Garcia v. City of Willis*, 593 S.W.3d 201, 206 (Tex. 2019). Standing has been questioned here, and our review of that question is de novo. *See Farmers Tex. Cnty. Mutual Ins. Co. v. Beasley*, 598 S.W.3d 237, 240 (Tex. 2020).

Unless standing is conferred by statute, a plaintiff must usually show that he has suffered a particularized injury distinct from the general public. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555–56 (Tex. 2000). The Residents did not plead a particularized injury in the trial court, and during oral argument in our court, they conceded that they do not have a particularized injury.

Nevertheless, the Residents assert that they have standing under a narrow, judicially-created exception to the particularized-injury rule. This exception provides that a taxpayer may sue "to enjoin the illegal expenditure of public funds, and need not demonstrate a particularized injury." *See Williams v. Lara*, 52 S.W.3d 171, 179 (Tex. 2001). Implicit in this exception are two requirements: first, that the

plaintiff is a taxpayer; and second, that public funds are expended on the allegedly illegal activity. *Id.*

As the plaintiffs below, the Residents had the burden of alleging facts that satisfied these two requirements, which are necessary to affirmatively demonstrate that the trial court has subject-matter jurisdiction over their case. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

There is no dispute that the Residents met their burden with regards to the first requirement. They alleged that they own real property in the city of Houston and that they pay ad valorem taxes. Thus, the Residents have sufficiently pleaded that they are taxpayers.

But the Residents have not satisfied their burden with regards to the second requirement because they have not sought to enjoin the expenditure of any funds at all. Rather, they have only sought to enjoin the Officials from allegedly underfunding the Drainage Fund.

In an attempt to recharacterize their case, the Residents argue that they seek to enjoin the expenditure of public funds that have been illegally diverted away from the Drainage Fund and spent on services "other than drainage and streets." This argument fails because the Residents have not identified any specific expenditures that should be enjoined, or even whether the expenditures are illegal, which was their burden. *See Andrade v. Venable*, 372 S.W.3d 134, 138 (Tex. 2012) (per curiam) ("In order to establish taxpayer standing a plaintiff must plead facts showing that the government is *actually* spending money on the allegedly illegal activity—not on a related legal activity.").

The Residents also argue that they have taxpayer standing under *Hendee v. Dewhurst*, 228 S.W.3d 354 (Tex. App.—Austin 2007, pet. denied). But that case is

distinguishable on the facts because the plaintiffs there sought to enjoin the expenditure of public funds that violated a constitutional cap on appropriations. *Id.* at 359. The Residents have not similarly sought to enjoin the expenditure of any public funds, which is an essential requirement of taxpayer standing.

The Residents further rely on *Turner v. Robinson*, 534 S.W.3d 115 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). But that case is also distinguishable because the plaintiffs there sought to enjoin the expenditure of public funds that were illegally collected as taxes. *Id.* at 124. By contrast, the thrust of the Residents' case is that there should be more expenditures, not less.

Underfunding can provide a basis for standing when the plaintiff has pleaded that the underfunding has resulted in a particularized injury. *E.g.*, *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984) (concluding that the plaintiffs had standing to challenge a county's failure to appropriate sufficient funds to operate the local courts because the plaintiffs had other cases pending in the courts that were being delayed on account of the underfunding). But we are not aware of any comparable authority that recognizes taxpayer standing when the plaintiff has complained of underfunding without a particularized injury. Because taxpayer standing is a "narrow" exception to the particularized-injury rule and the Residents' underfunding claim does not satisfy its second requirement, we conclude that the Residents have not established that they have taxpayer standing in this case. *Cf. Teneyuca v. Bexar Cnty. Performing Arts Ctr. Found.*, No. 04-11-00488-CV, 2012 WL 2053534, at *3 (Tex. App.—San Antonio June 6, 2012, no pet.) (mem. op.) (declining to extend taxpayer standing in a case where the plaintiffs paid "visitor" taxes because taxpayer standing is a limited exception to the particularized-injury rule and any extension "is best left to the Texas Supreme Court").

When standing has not been alleged or shown, the plaintiff must be given an opportunity to amend his pleadings and develop a record relating to jurisdiction, unless the pleadings and record otherwise demonstrate an incurable jurisdictional defect. *See RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 429 (Tex. 2016) (per curiam). In this case, there are no jurisdictional facts that the Residents could plead if given the opportunity to do so because the Residents have disclaimed a particularized injury and because the exception for taxpayer standing does not extend to the type of claim that the Residents have asserted. Therefore, the appropriate remedy is dismissal.

## CONCLUSION

The trial court's order denying the Officials' plea to the jurisdiction is reversed and judgment is rendered dismissing the Residents' case for want of jurisdiction.

/s/     Tracy Christopher
        Justice

Panel consists of Justices Christopher, Wise, and Hassan.